**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lawrence JOHNSON,
Defendant-Appellant.**

**No. 79–1297.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 2, 1979.

Decided Jan. 2, 1980.

Carol A. Brook, Federal Defender Program, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Joseph H. Hartzler, James R. Streicker, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and TONE, Circuit Judges.

TONE, Circuit Judge.

Defendant was convicted under 18 U.S.C. § 922(a)(6) of falsely representing, in connection with the purchase of a firearm, that he had never been convicted of a felony. He had in fact been convicted in an Illinois court of voluntary manslaughter. He contends, however, that the Illinois conviction, which was based on a guilty plea, is constitutionally infirm, and that therefore he cannot be prosecuted under § 922(a)(6) for falsely stating that he had not been convicted. Alternatively, he contends that the judge improperly considered the prior conviction in imposing sentence, and that the case should therefore be remanded for resentencing. We affirm the conviction but vacate the sentence and remand for resentencing.

## I.

■ Five circuits have held that § 922(a)(6) is violated by a denial of conviction of a felony even though the conviction is later claimed or shown to have been unconstitutional. *United States v. Graves,* 554 F.2d 65, 70–72, 75–76, 79–80 (3d Cir. 1977) (in banc); *United States v. Allen,* 556 F.2d 720 (4th Cir. 1977); *United States v. Ransom,* 545 F.2d 481 (5th Cir.), *cert. denied,* 434 U.S. 908, 98 S.Ct. 310, 54 L.Ed.2d 196 (1977); *Cassity v. United States,* 521 F.2d 1320 (6th Cir. 1975); *United States v. Edwards,* 568 F.2d 68 (8th Cir. 1977). One circuit has reached the opposite conclusion. *United States v. Pricepaul,* 540 F.2d 417 (9th Cir. 1976).

If the charge before us were receipt, possession, or transfer of a firearm in violation of 18 U.S.C.App. § 1202(a)(1), which makes the legality of the conduct dependent on the defendant's status as a convicted felon, reversal would be required by *United States v. Lufman,* 457 F.2d 165 (7th Cir. 1972).

The government concedes that this would also be so if the charge were receipt of a firearm in violation of 18 U.S.C. § 922(h)(1) (as it was in a second count in the case at bar, on which the jury found the defendant not guilty).

The same result does not follow, however, when the charge is the making of a false statement under § 922(a)(6). That statute "penalizes [the declarant] not for being a convicted felon, but for failing to tell the truth about the conviction." *Cassity v. United States, supra,* 521 F.2d at 1323; *see United States v. Graves, supra,* 554 F.2d at 70, 75–76, 79–80. Failure to tell the truth about any material matter is "the essence of a § 922(a)(6) violation." *United States v. Edwards, supra,* 568 F.2d at 70. The distinction requiring different treatment of status and false statement offenses was recognized in *Edwards* by the Eighth Circuit and in *Graves* by Judges Garth and Seitz, who concurred with the Third Circuit in banc majority in sustaining a conviction under § 922(a)(6) but, consistent with our *Lufman* decision, would have reversed a conviction on another count laid under § 1202(a)(1) that had been based on the same prior conviction, 554 F.2d at 83–88.

We decline to extend the *Lufman* decision to charges brought under § 922(a)(6). We agree with the five other circuits that have held that section applicable to a false denial of a prior conviction even though, subsequent to the denial, the conviction is determined to have been invalid.

## II.

■ It does not follow that the district court could properly rely on an invalid prior conviction in sentencing, as it did in this case. We know from *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967), that a conviction tainted by denial of counsel in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), cannot be used "either to support guilt or enhance punishment for another offense." *See also United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The same rule applies

when the reason the prior conviction is unconstitutional is that it was based on an involuntary guilty plea. *United States v. Martinez*, 413 F.2d 61 (7th Cir. 1969). *But see United States v. Graves, supra*, 554 F.2d at 82 n.68. Accordingly, a sentence based in part on a prior conviction invalid because of the involuntariness of the underlying guilty plea cannot stand.

When the *Burgett* principle is invoked against a prior conviction obtained in another jurisdiction, the forum court must collaterally determine the validity of that conviction for purposes of the case before the court. *E. g., United States v. Martinez, supra*, 413 F.2d at 63. Thus the validity of Johnson's Illinois conviction must be determined for purposes of this case, even though the State of Illinois is not a party.

Because the only evidence received by the district court on the issue of the validity of the state conviction was the state court record, we are entirely dependent on that record for the facts pertaining to that conviction. Defendant Johnson was originally indicted in a state court for murder. Pursuant to a plea agreement, he pleaded guilty to the lesser offense of voluntary manslaughter and was sentenced to incarceration for a period of from one to nine years. A co-defendant, William Daniels, stood trial on the murder charge and was acquitted. Johnson then petitioned to withdraw his plea or, in the alternative, for reduction of sentence. At the hearing on the motion, the judge gave Johnson the choice of withdrawing his plea and standing trial for murder or allowing his plea to stand and having his sentence changed to probation. Johnson chose the latter.

At the hearing in which Johnson originally entered his plea of guilty to voluntary manslaughter, the prosecutor stated the following factual basis for the plea: If various named witnesses were called "their collective testimony" would be that Johnson and Daniels "had occasion to be" in a certain building and "went to the area of apartment number 208." Further, "upon gaining entrance to apartment 208 . . . Daniels had occasion to fire a gun . . . which struck Larry Cephas causing his death." Johnson was with Daniels "at the time this incident took place" and "had in his possession a .38 caliber weapon." Finally, "the shooting by Daniels was done under the mistaken belief it was necessary as a result [sic] of self-defense [although] . . . the amount of force—deadly force used in firing the weapon was not necessary. And it was done in a moment of intense passion." The prosecutor, when asked by the court whether this was "an accountability case," said that it was. The theory of "accountability" was never explained.[1] On the basis of the foregoing recital the state court found there was "a sufficient factual basis to accept the plea as to voluntary manslaughter."[2]

In his sworn petition to withdraw the guilty plea or, in the alternative, for a reduction of sentence, which he filed after

---

1. The Illinois Criminal Code defines accountability, in relevant part, as follows:

   A person is legally accountable for the conduct of another when:

   .    .    .    .    .

   (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense  .  .  .  .

   Ill.Rev.Stat. ch. 38, § 5–2(c) (1977).

2. The Illinois Criminal Code defines voluntary manslaughter, in pertinent part, as follows:

   (a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

   (1) The individual killed,  .    .    .

   (2) .    .    . .

   Serious provocation is conduct sufficient to excite an intense passion in a reasonable person.

   (b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable.

   Ill.Rev.Stat. ch. 38, § 9–2(a) & (b) (1977). Article 7 of the Illinois Criminal Code deals with the affirmative defenses of justifiable use of force, compulsion, entrapment, and necessity.

Daniels had been acquitted, Johnson stated as follows: When he went with Daniels to Cephas' apartment he had no intention of killing anyone and did not fire a gun. The purpose of the visit to Cephas was to recover money Cephas and two other persons had taken from Daniels in an armed robbery which had been reported to the police. "Daniels merely wanted to recover his money and did not intend to use a gun until" Cephas exhibited his gun and threatened to kill Daniels. A gun was taken from Cephas' hand immediately after the shooting. No money was taken from anybody in the incident. Johnson was pressured by his mother and advised by his attorney to plead guilty to the charge of voluntary manslaughter.

At the hearing on the petition to withdraw the plea, no additional facts were stated, but Johnson's counsel did say that he had talked with Johnson and believed "that this young man really fully understands everything."

■ The facts as stated by the prosecutor at the original hearing and by Johnson in his petition to withdraw his plea were plainly insufficient to establish a factual basis for defendant's plea to the crime of voluntary manslaughter. For Johnson to have been guilty under Illinois law of voluntary manslaughter on an accountability theory, he would have had to aid or abet Daniels in the commission of the crime and to have intended to "promote or facilitate such commission." [3] Yet the substantive offense of voluntary manslaughter can be committed only when the killer acts either "under a sudden and intense passion resulting from serious provocation," or under a subjective, unreasonable belief that the act is justified by compulsion or is performed in self-defense.[4] The mental state of the killer is thus a critical element of voluntary manslaughter under Illinois law, and on the facts of this case that mental state on the part of Daniels could not have existed until immediately before he shot Cephas. It is hardly conceivable, given these facts, that Johnson could have shared Daniels' mental state or contributed to Daniels' decision to shoot Cephas in sudden passion or in self-defense. "Mere presence" or even "negative acquiescence" is not enough under Illinois law to support an accountability conviction. *E. g., People v. Morgan*, 39 Ill. App.3d 588, 597, 350 N.E.2d 27, 34 (1976), *aff'd*, 67 Ill.2d 1, 7 Ill.Dec. 69, 364 N.E.2d 56, *cert. denied*, 434 U.S. 927, 98 S.Ct. 411, 54 L.Ed.2d 287 (1977). Therefore, even if we assume it is legally possible to be accountable for another's crime of voluntary manslaughter under Illinois law,[5] no factual basis to support Johnson's accountability was presented to the state court.

In addition, the facts alleged did not demonstrate, and the prosecutor did not even contend, that either Johnson or Daniels had the specific intent to promote or to commit the crime of murder. There was thus no arguable basis for a theory that Johnson was accountable for Daniels' crime of mur-

---

**3.** Ill.Rev.Stat. ch. 38, § 5–2(c) (1977) (reprinted in note 1 *supra*).

**4.** Ill.Rev.Stat. ch. 38, § 9–2(a) & (b) (1977) (reprinted in note 2 *supra*).

**5.** Not surprisingly, we have been unable to find an Illinois case involving a conviction of voluntary manslaughter on an accountability theory. Accountability for another's crime under Illinois law requires a finding of "specific intent to promote or facilitate" the crime, *People v. Bolden*, 59 Ill.App.3d 441, 447, 16 Ill.Dec. 791, 796, 375 N.E.2d 898, 903 (1978), and it is difficult, though perhaps not impossible, to imagine a set of facts on which one could conclude that a person had the specific intent to aid or abet an action taken in the heat of passion or under the mistaken impression that it was necessary in self-defense. The mental state of intent is defined in the Illinois Criminal Code in terms of one's "conscious objective or purpose," Ill.Rev. Stat. ch. 38, § 4–4 (1977), and accountability for another's act of voluntary manslaughter would thus appear to require either consciousness of the subjective mental state of the active party or a similar mental state on the part of the accessory. *See People v. Bolden, supra.* In any case, the conceptual difficulties with such an accountability charge merely serve to underscore the fact that the information before the state court in the change of plea hearing was insufficient to form an adequate basis for the plea.

der,[6] and there was also no basis for a theory that Johnson, in attempting to aid or abet the crime of murder, might be accountable either for murder or for Daniels' commission of the lesser crime of voluntary manslaughter. On the facts, Johnson could not have been guilty of murder; his plea to voluntary manslaughter cannot, thus, be viewed as a plea to a lesser offense. Accordingly, the state court record contained no factual basis for the plea.

The Constitution does not require the establishment in all cases of a factual basis for a guilty plea, *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), but it does require that a plea be voluntary, *Henderson v. Morgan*, 426 U.S. 637, 644–45, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Failure to establish a factual basis is likely to affect voluntariness. *Cf. Carreon v. United States*, 578 F.2d 176, 179 (7th Cir. 1978). This is so because some information about the facts is necessary to an assessment of whether the accused understood "the law in relation to the facts," *McCarthy v. United States*, 394 U.S. at 466, 89 S.Ct. at 1171, and was able to appreciate "the nature of the charge against him," of which he was entitled to "adequate notice," *Henderson v. Morgan*, 426 U.S. at 645 n.13, 96 S.Ct. at 2257.

In this case, the lack of a factual basis for the plea, in combination with the inadequacy of the explanation of the law in relation to the facts and the nature of the charge, made the plea involuntary. The state court did not explain to Johnson the nature of accountability or of the crime of voluntary manslaughter, the elements of that crime, or how these matters of law related to the facts of his case. At best, a conclusion that he was guilty of the offense of which he was charged requires an assumption of a most unlikely set of facts. Without having

been told what those facts were, he was asked to admit them. While it may be appropriate, as the Court said in *Henderson*, 426 U.S. at 647, 96 S.Ct. at 2258, "to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit," such a presumption can hardly be indulged here, where it is impossible to find guilt from the facts stated as the factual basis for the plea.

Accordingly, the judgment of conviction is affirmed, but the sentence is vacated and the case is remanded to the district court for resentencing.

Affirmed in Part, Vacated in Part, and Remanded.

---

**6.** There is no indication in the state court record either that Johnson and Daniels went to Cephas' apartment for an unlawful purpose or that Johnson at any point contributed to the shooting or intended that Cephas be shot. Moreover, the prosecutor's statement that Daniels acted under intense passion or in the belief that the killing was necessary in self-defense negated the possibility that his crime amounted to murder under Illinois law. *Compare* Ill.Rev. Stat. ch. 38, § 9–1 (1977) *with* Ill.Rev.Stat. ch. 38, § 9–2 (1977). Johnson could only have been accountable for the "conduct" of Daniels, *see* note 1 *supra*, and could thus have been accountable, at most, for some lesser crime than murder.