UNITED STATES of America

v.

Stanley Joseph BATTLES.

Crim. No. 76–06.
Civ. A. No. 80–1126.

United States District Court,
W. D. Pennsylvania.

Jan. 6, 1981.

Sandra Jordan, Asst. U. S. Atty., Pittsburgh, Pa., for petitioner.

William E. Stockey, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

Defendant, Stanley Joseph Battles, has filed a motion to vacate pursuant to 28 U.S.C. § 2255. Battles was found guilty of armed bank robbery by a jury on April 6, 1976. The defendant contends there was error in the presentence report prepared by the U. S. Probation Office and submitted to the court prior to sentencing.[1] In particular, it is alleged that there was error in submitting the petitioner's juvenile record of offenses as part of the presentence report. Petitioner was not represented by counsel during any juvenile proceedings. As further grounds it is alleged that an arrest for theft, receiving stolen property, reckless driving, etc., on June 6, 1975 was made a part of the presentence report when at the time of the preliminary hearing of the aforesaid charges petitioner was not represented by counsel. In addition, it is alleged that certain other arrests were dismissed, discharged or otherwise did not result in an adjudication of guilt or innocence.

In a prior motion to vacate filed on December 18, 1978[2] petitioner asserted that the court had relied upon a record of juvenile offenses enumerated in his presentence report wherein he was not represented by counsel. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

In an opinion dated January 3, 1979, the court denied the aforesaid motion to vacate in saying:

"For purposes of this motion, the court assumes the correctness of defendant's assertion that he was not represented by counsel at any of his juvenile proceedings from 1962 through 1967. Defendant's motion will be denied, however, because the only prior criminal conviction given explicit consideration by the court was defendant's adult conviction for the armed robbery of a drug store. In fact, the court gave no consideration, explicit or otherwise, to defendant's juvenile convictions.... The juvenile record did not serve to enhance defendant's sentence in the least."

Counsel for petitioner has argued an extension to the teachings of *Tucker, supra,* citing *Gideon, supra,* and *United States v. Johnson,* 612 F.2d 305 (7th Cir. 1980), for the proposition that the existence of error in the presentence report, even if explicitly disregarded by the court, amounts to constitutional error violative of defendant's fifth amendment rights to due process. We see no reason to rely on *Gideon* or *Johnson* in support of a conclusion that the mere existence of error in a presentence report demands resentencing after the errors are corrected.

■ Counsel for petitioner argues that the mere reading of an erroneous criminal record contained in a presentence report is per se a constitutional error since it must be assumed the court impliedly was affected in reading the erroneous information and, therefore, relied on the same in passing sentence. This argument may be meritorious when the sentencing court is silent as to the matters it considered in imposing sentence. But in the case *sub judice,* the court was purposefully explicit in reciting reliance on only one of the matters in petitioner's prior criminal record.

---

1. Petitioner was sentenced to a term of imprisonment of 24 years on April 6, 1976.

2. Civil Action No. 78–1432.

822

■ The transcript of the sentencing clearly shows the court questioned defendant on only one prior conviction on January 19, 1972 for the armed robbery of a drug store in November, 1971. With respect to the conviction, the defendant stated that he was represented by counsel.[3]

In this court's opinion on a prior motion to vacate, the court stated explicitly as follows:

"The prior armed robbery conviction, which was described and acknowledged on the record, was considered by the court in determining defendant's sentence. *The court gave no consideration, however, to any unconstitutional prior convictions.*"[4] (Emphasis supplied.)

This clear and explicit statement by the court outweighs defendant's contention that the court was impliedly swayed in passing sentence because the presentence report contained errors.

After a review of the file and records of this case, it appears that defendant is not entitled to a vacation of sentence.

An order will be entered denying the motion to vacate sentence.

3. Transcript of Sentencing Proceeding, pp. 2–3.

4. Opinion of January 3, 1979 at Civil Action No. 78–1432.