79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William A. SCOTT, JR., Petitioner-Appellant,
v.
Craig A. HANKS, Respondent-Appellee.
 No. 95-2916.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided March 11, 1996.
 
 Before FAIRCHILD, Circuit Judge COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 William A. Scott, Jr., appeals the denial of his petition filed pursuant to 28 U.S.C. § 2254. In his petition, Scott challenged the validity of his guilty plea on the ground that it was not knowing and voluntary, and he alleged that ineffective assistance of counsel led him to agree to plead guilty. We affirm the judgment of the district court.
 
 
 2
 In July 1987, Scott was charged in an Indiana Circuit Court with attempted murder, robbery, and possession of a sawed-off shotgun. Then, in October 1987, Scott was charged in relation to a separate event with robbery and battery. Scott's lawyer negotiated a plea agreement in relation to the two sets of charges. At a hearing before the Circuit Judge in February 1988, Scott entered pleas of guilty to one count of attempted murder and one count of robbery. The judge referred the matter for the compilation of a presentence report. In March 1988, pursuant to the plea agreement, the judge sentenced Scott to thirty years imprisonment on each count, the terms to run concurrently. Scott's petition for post-conviction relief was denied by the Indiana state courts, and Scott then filed this § 2254 petition.
 
 
 3
 The first four claims in Scott's § 2254 petition and on appeal allege that his guilty plea was not both knowing and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). A guilty plea is valid if it " 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Parke v. Raley, 113 S.Ct. 517, 523 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). A defendant who pleads guilty must have " 'real notice of the true nature of the charge against him,' " Henderson v. Morgan, 426 U.S. 637, 645 (1976) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)), and possess an understanding of "the law in relation to the facts," McCarthy v. United States, 394 U.S. 459, 466 (1969). The defendant must also be aware of the "relevant circumstances and likely consequences" surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970).
 
 
 4
 Scott's first claim is that the judge failed to make an adequate determination of Scott's intent to commit the attempted murder to which he pleaded guilty.[1] Scott is apparently referring to a statement that he made to the probation department for his presentence report--after he entered the plea but before he was sentenced--which indicates that he did not believe he intended to shoot the victim, a convenience store attendant. In the report, Scott stated that he "fired the gun toward the ground to scare [the attendant] but the shot hit the attendant." Scott argues that because this statement indicated lack of intent, the judge was required to reconsider the validity of the plea, and to engage in a dialogue with Scott to determine if he did intend to shoot the attenant.
 
 
 5
 However, the Constitution does not require a judge to engage in any specific dialogues with the defendant, and does not enact either Rule 11 of the Federal Rules of Criminal Procedure, Stewart v. Peters, 958 F.2d 1379, 1384 (7th Cir.) (citations omitted), cert. denied, 506 U.S. 883 (1992), or state rules analogous to Rule 11, see Higgason v. Clark, 984 F.2d 203, 208 (7th Cir.), cert. denied sub nom. Higgason v. Farley, 113 S.Ct. 2974 (1993). Nor does the Constitution require that a defendant admit his guilt or his participation in the acts constituting the crime. United States v. Cox, 923 F.2d 519, 524 (7th Cir.1991) (citing Alford, 400 U.S. at 37). In Alford, the Supreme Court held that, in light of the evidence against the defendant, a state trial judge did not commit constitutional error in accepting a guilty plea even though the defendant stated that he did not shoot anyone, that he was taking the blame to protect another man, and that he was pleading guilty to avoid execution. Alford, 400 U.S. at 28 n. 2, 37-38; see also Cox, 923 F.2d at 524. A trial judge has discretion not to accept a knowing and voluntary guilty plea when the defendant declares his innocence, but also has discretion to accept it. Higgason, 984 F.2d at 208 (citing Cox, 923 F.2d at 523-26). The Constitution " 'does not require the establishment in all cases of a factual basis for a guilty plea.' " Id. (quoting United States v. Johnson, 612 F.2d 305, 309 (7th Cir.1980) (citing McCarthy, 394 U.S. at 465)). We will, however, find the plea involuntary if " 'it is impossible to find guilt from the facts stated as the factual basis for the plea,' " id. (quoting Johnson, 612 F.2d at 309), or if the record fails to reveal "facts from which the court could reasonably infer that petitioner was actually guilty of the charge," Arias v. United States, 484 F.2d 577, 580 (7th Cir.1973), cert. denied, 418 U.S. 905 (1974). See also Nevarez-Diaz v. United States, 870 F.2d 417, 420-21 (7th Cir.1989). The record in Scott's case reveals a factual basis for the plea of guilty to the attempted murder charge. In the plea hearing, Scott admitted all of the facts charged in the information, and further admitted that in the course of robbing the store, he pointed the gun at the attendant, knowingly pulled the trigger, and shot the attendant. A police officer interviewed Scott and determined likewise that Scott shot the attendant while robbing the store. We conclude that Scott has not shown that the trial judge abused his discretion under the Constitution in accepting Scott's plea of guilty and sentencing him based on that plea.[2]
 
 
 6
 Scott's second claim is that the trial judge erred in not personally addressing him in determining whether force or threats were used to obtain the plea. The trial judge did inform Scott in the plea hearing that "[n]o one may force, threaten, or place you or anyone else in fear to induce you to plead guilty to any offense." It appears, though, that the judge never actually asked Scott whether he was coerced to make his plea. Our case law indicates that the trial judge should inquire whether the guilty plea was induced by force or threats. See Stewart, 958 F.2d at 1385; United States ex rel. Cyburt v. Rowe, 638 F.2d 1100, 1104 (7th Cir.1981). However, failure to ask the question is only material if the plea was actually coerced. See Stewart, 958 F.2d at 1385 (citing Cyburt, 638 F.2d at 1104). "On collateral attack, a silent record supports the judgment; the state receives the benefit of a presumption of regularity and all reasonable inferences." Higgason, 984 F.2d at 508 (citing Parke, 113 S.Ct. at 520, and Henderson, 426 U.S. at 647). Scott alleges that his attorney threatened him that if he did not plead guilty, the attorney would drop the case, and a member of Scott's family would be charged with the same offense. These are fairly specific allegations of threats, which might support a claim that Scott was coerced. See Blackledge v. Allison, 431 U.S. 63 (1977); Cyburt, 638 F.2d at 1104. However, Scott has not supported these allegations with a single suggestion of evidence--either in the state courts or in the § 2254 litigation--and has thus failed to rebut the "presumption of regularity" that attaches to his guilty plea. Without such a tender of proof, Scott's second claim was appropriately dismissed.[3]
 
 
 7
 Scott's third claim is that his attorney and the trial judge erred in failing to apprise him of the elements of attempted murder, and specifically that intent to cause the death of the victim is an element of the offense. We interpret this as an allegation that he did not know the true nature of the charge against him, Henderson, 426 U.S. at 645, or that he did not know the law in relation to the facts, McCarthy, 394 U.S. at 466. However, the allegation is refuted by the transcript of the plea hearing. The judge admonished Scott to listen and then read the charges of attempted murder and robbery for which Scott was to plead guilty. The judge stated in relevant part that "said defendant, William Arthur Scott, Jr., did knowingly or intentionally attempt to commit the crime of murder of Mike Sickles." When he had finished reading the charges, the judge asked Scott if he heard and understood the words that he had read to him, and Scott replied, "Yes, I did." We conclude that Scott was sufficiently aware that the charge of attempted murder required that he knowingly or intentionally cause the death of the victim. Scott's third claim was properly dismissed.
 
 
 8
 Scott's fourth claim is that the judge erred by failing to inform him that if the court did not accept the state's recommendation concerning sentencing that Scott would nonetheless be unable to withdraw his plea. Even assuming that Indiana law requires that the defendant be informed that he has no right to withdraw his plea,[4] this claim cannot succeed. The judge indeed did not inform Scott of such a consequence of a guilty plea. However, it is enough that Scott's attorney informed him of this consequence of his plea, and we must presume that the attorney did so. See Stewart, 958 F.2d at 1386 (citations omitted). Scott does not allege, no less attempt to prove, that his attorney did not inform him of this consequence of the plea. Without such an allegation or showing, Smith has no claim.
 
 
 9
 In his fifth and final claim, Scott alleges that he was denied effective assistance of counsel. Scott alleges in this claim that his counsel coerced him to obtain his consent to the guilty plea; we have dealt with these allegations in discussing Scott's second claim, infra, and concluded that they were not properly supported. Scott's other allegations in the ineffective assistance claim are that counsel did not apprise him of the elements of an intoxication defense or the "elements of intent" that the intoxication defense might refute. To prove ineffective assistance of counsel in the context of a guilty plea, a petitioner must show that " 'counsel's representation fell below an objective standard of reasonableness,' " Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)), and also that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," id. at 59.
 
 
 10
 Our court has held that "before pleading guilty a defendant should be made aware of possible defenses, at least where the defendant makes known facts that might form the basis of such defenses." United States v. Frye, 738 F.2d 196 (7th Cir.1984) (citations omitted). In this case Scott stated to the probation department, after he entered his plea but before sentencing, that he and his friend "were smoking weed and drinking beer and got high" on the day of the attempted murder.[5] If Scott's counsel had this information, and failed to advise Scott of an intoxication defense to attempted murder, it appears that counsel would have been ineffective. It is clear that under Indiana law evidence of voluntary intoxication must be submitted to the trier of fact on the issue of whether the defendant lacked the requisite mens rea in any crime. See, e.g., Owens v. State, 659 N.E.2d 466, 472 (Ind.1995) (citing cases).
 
 
 11
 However, there is no indication in the briefs and the record that Scott's attorney knew, before Scott entered his plea, the information that Scott subsequently provided in the presentence report. Furthermore, Scott does not offer support for his allegation that his attorney did not advise him of an intoxication defense. Scott's claim of ineffective assistance does not succeed, because he has failed to offer evidence: 1) that his attorney had reason to know the facts giving rise to a possible intoxication defense, and 2) that in light of such facts his attorney did not advise him of a possible intoxication defense. See United States v. Jordan, 870 F.2d 1310, 1318 (7th Cir.), cert. denied, 493 U.S. 831 (1989) (holding that even assuming that petitioner's counsel should have advised petitioner of possible consequences of his plea, petitioner has the burden to offer evidence to support the bare allegations that his counsel failed to advise him of these possibilities).
 
 
 12
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Scott does not raise this claim with respect to the robbery charge to which he pleaded guilty
 
 
 [2]
 In his first claim, Scott may also be alleging that the trial judge erred in accepting the plea by failing to consider that Scott may have been intoxicated at the time he shot the attendant. Given Scott's admissions in the plea hearing that he knowingly pulled the trigger and that the facts alleged in the information were correct, Scott's indication in the presentence report that he was intoxicated does not form the basis for a constitutional claim that his plea was not knowing and voluntary. The evidence of intoxication goes further towards establishing (though not itself creating an entitlement to relief for) Scott's fifth claim, a claim of ineffective assistance of counsel, discussed infra
 
 
 [3]
 Our decision here does not depend on any evaluation whether there was cause and prejudice to excuse Scott's failure to develop material facts in state-court proceedings, see Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992); the respondent does not suggest on appeal that Scott defaulted his claim by failing to develop the facts in state court
 
 
 [4]
 Scott cites Fed.R.Crim.P. 11(e)(2) and federal cases to show that the judge is required to give this information. However, in Scott's plea hearing this requirement, if any, would have been established by Indiana law, not the Federal Rules of Criminal Procedure
 
 
 [5]
 Scott appears to be making this claim solely with respect to the attempted murder charge, and not to the robbery charge to which he pleaded guilty