[No. 61869-5-I.   Division One.   April 12, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT WILLIAM LANGSTEAD, *Appellant*.

---

*Susan F. Wilk* and *Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

¶1 BECKER, J. — Appellant Robert Langstead is a recidivist whose sentence for robbery was aggravated to life without parole because he had at least two prior convictions for robbery. The State did not have to prove Langstead's prior convictions to a jury beyond a reasonable doubt, as would be required if the prior conviction were an element of the crime rather than an aggravating factor in sentencing. We conclude there is a rational basis for treating the two categories of recidivists differently. Accordingly, we reject Langstead's claim of an equal protection violation.

¶2 The State charged Langstead with two counts of robbery in the second degree and two counts of robbery in the first degree. The State gave notice that it believed a conviction on any of the charges would represent Langstead's "third strike." Langstead pleaded guilty as charged. At sentencing, the State offered a 1984 conviction for robbery in the second degree as proof of his first strike.

The State used Langstead's 1994 convictions for 11 counts of first degree robbery to prove his second strike. The trial court rejected Langstead's challenge to using the 1984 offense as his first strike and sentenced him to life without parole in May 2008. Langstead appeals.

¶3 On appeal, Langstead raises due process and equal protection arguments that were not made below. The State concedes that he nevertheless may challenge the validity of his judgment and sentence on these constitutional grounds. *See State v. McNeair*, 88 Wn. App. 331, 334-36, 944 P.2d 1099 (1997). We review constitutional issues de novo. *State v. Castro*, 141 Wn. App. 485, 490, 170 P.3d 78 (2007).

## RIGHT TO A JURY AND DUE PROCESS

¶4 Langstead argues that his federal constitutional rights under the Sixth and Fourteenth Amendments were violated when the trial court, and not a jury, found the existence of his prior two strikes for sentencing purposes under the Persistent Offender Accountability Act, chapter 9.94A RCW.

¶5 Under the version of the statute in effect in 2006 when Langstead committed the robberies that constitute his third strike, a "persistent offender" is someone who has been convicted of a most serious offense and, before the present conviction, has also been convicted as an offender on two separate occasions of most serious offenses. Former RCW 9.94A.030(33)(a) (2005); *see also* former RCW 9.94A-.030(29) (2005) (defining "most serious offenses"). A persistent offender "shall be sentenced to a term of total confinement for life without the possibility of release." RCW 9.94A.570. The procedures contained in the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, apply to the persistent offender law. *State v. Thorne*, 129 Wn.2d 736, 777-78, 921 P.2d 514 (1996).

¶6 The constitutional rights to due process and a jury trial entitle a criminal defendant to a jury determination

that he is guilty of every element of the crime beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (quoting *Apprendi*, 530 U.S. at 490). Consistent with *Blakely* and *Apprendi*, the Washington Supreme Court "has repeatedly rejected" the argument that due process requires the fact of a prior conviction to be submitted to a jury and proved beyond reasonable doubt for sentencing purposes. *State v. Thiefault*, 160 Wn.2d 409, 418, 158 P.3d 580 (2007).

¶7 Because of the exception for "the fact of a prior conviction," there is no violation of the Sixth Amendment or the due process clause of the Fourteenth Amendment when a judge determines by a preponderance of the evidence that a defendant has two prior "strikes" for purposes of the Persistent Offender Accountability Act.

## EQUAL PROTECTION—RECIDIVISTS

¶8 Langstead argues, however, that those same features of sentencing under the SRA—permitting the State to prove the existence of prior convictions to a judge rather than a jury and with a lower burden of proof—violate the equal protection clause because certain other recidivists are afforded greater procedural protection for proof of a prior conviction. Langstead's claim rests upon the fact that where a prior conviction is an element of a crime rather than a basis for aggravating a sentence, the State must prove its existence to a jury beyond a reasonable doubt.

¶9 Under the equal protection clause of the Fourteenth Amendment, as well as article I, section 12 of the Washington Constitution, persons similarly situated with respect to the legitimate purpose of the law must receive like treatment. *Thorne*, 129 Wn.2d at 771. Our Supreme

Court has upheld the Persistent Offender Accountability Act against various constitutional challenges, including challenges based on equal protection principles, in *Thorne* and in *State v. Manussier*, 129 Wn.2d 652, 921 P.2d 473 (1996), *cert. denied*, 520 U.S. 1201 (1997). The court applied the rational basis test. *Manussier*, 129 Wn.2d at 673-74; *Thorne*, 129 Wn.2d at 771 ("Recidivist criminals are not a semisuspect class."). Following *Manussier* and *Thorne*, we apply rational basis scrutiny to Langstead's challenge.

¶10 "Under the rational basis test, a statute is constitutional if (1) the legislation applies alike to all persons within a designated class; (2) reasonable grounds exist for distinguishing between those who fall within the class and those who do not; and (3) the classification has a rational relationship to the purpose of the legislation." *State v. Smith*, 117 Wn.2d 263, 279, 814 P.2d 652 (1991). "The burden is on the party challenging the classification to show that it is purely arbitrary." *Thorne*, 129 Wn.2d at 771.

¶11 Langstead's argument is under the second prong of the test. The issue he presents is whether reasonable grounds exist to distinguish between recidivists whose prior convictions are treated as aggravators for purposes of sentencing, and other recidivists for whom a prior conviction is treated as an element of the current offense.

¶12 Langstead bases his argument on the facts of *State v. Roswell*, 165 Wn.2d 186, 192, 196 P.3d 705 (2008). Roswell was convicted of the crime of communication with a minor for immoral purposes. This crime is elevated from a gross misdemeanor to a felony if the defendant was previously convicted of the crime or a felony sexual offense. RCW 9.68A.090(2). Roswell wanted to avoid having the jury hear that he had previously been convicted of a sexual offense. He argued that his prior conviction was a sentencing factor rather than an element of the crime; and that even if it was an element, his trial should be bifurcated so that the only question for the jury in the first phase would be whether he had communicated with a minor for immoral purposes. Our Supreme Court affirmed the trial court's

decision to present all elements of the crime to the jury, including the element of a prior conviction for a sexual offense. An aggravating factor is "decidedly not an element needed to convict the defendant of the charged crime." *Roswell*, 165 Wn.2d at 194. A prior conviction, when used as an aggravator, merely "elevates the maximum punishment" for a crime, while a prior conviction used as an element actually alters the crime that may be charged:

> The legislature may define the elements of a crime when it enacts a criminal statute. *State v. Williams*, 162 Wn.2d 177, 183, 170 P.3d 30 (2007). Each element of a crime must be proved beyond a reasonable doubt. [*State v.*] *Oster*, 147 Wn.2d [141,] 146[, 52 P.3d 26 (2002)] (citing *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)). Unlike an aggravator, which elevates the maximum punishment that may be imposed for a crime, an element is an essential component of the underlying offense. For example, here, if Roswell had had no prior felony sex offense convictions, he could not have been charged or convicted of *felony* communication with a minor for immoral purposes. If all other elements had been proved, he could have been convicted of only a misdemeanor. *See* RCW 9.68A.090(1). Despite the similarities between an aggravating factor and a prior conviction element, under RCW 9.68A.090(2), a prior sexual offense conviction is an essential element that must be proved beyond a reasonable doubt. The prior conviction is not used to merely increase the sentence beyond the standard range but actually alters the crime that may be charged.

*Roswell*, 165 Wn.2d at 192-93.

¶13 Langstead challenges as arbitrary the distinction drawn in *Roswell* between a prior conviction used as an element and a prior conviction used to aggravate a sentence. He contends that in each type of case, the legislative purpose is the same: to impose harsher penalties on recidivists. But recidivists like Langstead are not situated similarly to recidivists like Roswell. The recidivists whose prior felony convictions are used as aggravators necessarily must have prior felony convictions before they commit the cur-

rent offense. This is not true of the recidivists Langstead uses as a comparison group.

¶14 As noted by the court in *Roswell*, the legislature has created both a misdemeanor and a felony version of the crime of communication with a minor for immoral purposes. RCW 9.68A.090. The felony crime contains the same elements as the misdemeanor, with one additional element: a prior conviction for the same crime or other felony sexual offenses. Other crimes that follow the same pattern of definition are indecent exposure, violating a no-contact order, and harassment. *See* RCW 9A.88.010; RCW 26.50.110; RCW 9A.46.020. For each of these crimes, an isolated instance of the basic crime is a misdemeanor, but proof of a prior similar conviction makes it a felony. What these crimes have in common is that if there were no prior conviction, there would be no felony. Langstead, on the other hand, committed robbery—a serious criminal offense that is classified as felonious even when it is the offender's first criminal conviction of any kind.

¶15 In keeping with its goal of protecting public safety, the legislature may rationally decide to give a relatively mild misdemeanor sanction to an offender who commits an isolated instance of minor criminal misconduct, and to sanction more harshly as a felon a defendant who commits the same type of crime more than once. For these offenders, the prior conviction is the element necessary to bring them into the circle labeled "felons." Offenders like Roswell are already within that circle.

¶16 The State mentions unlawful possession of a firearm as another example of a crime defined to include a prior conviction as an element. *See* RCW 9.41.040(1)(a). Offenders convicted of this crime are likewise rationally distinguished from recidivists like Langstead in that there would be no crime at all if there were no prior conviction.

¶17 We conclude recidivists whose conduct is inherently culpable enough to incur a felony sanction are, as a group, rationally distinguishable from persons whose conduct is felonious only if preceded by a prior conviction for the same

or a similar offense. We reject Langstead's equal protection challenge.

## FACIAL VALIDITY OF PRIOR CONVICTION

¶18 In Langstead's 1984 guilty plea, he admitted to taking personal property from the victim by the threat of force "without permission." He did not acknowledge that the taking was "unlawful," which is an element of robbery in the second degree. RCW 9A.56.190, .210. He contends that as a result, the judgment and sentence for that offense is unconstitutional on its face and may not be considered in a sentencing proceeding. *See State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986).

¶19 A conviction is valid on its face unless it shows constitutional infirmities without further elaboration. *State v. Johnson*, 150 Wn. App. 663, 678, 208 P.3d 1265 (citing *Ammons*, 105 Wn.2d at 187-88), *review denied*, 167 Wn.2d 1012 (2009). Documents signed as part of a plea agreement may be considered if relevant to disclosing invalidity in a judgment and sentence, but the question is always whether the judgment and sentence is facially invalid—not whether a plea document is facially invalid. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

¶20 Langstead argues that the absence of an acknowledgment that the taking was unlawful shows that the plea lacked a factual basis and was therefore involuntary. This argument fails. In *Ammons*, the plea forms did not set forth all the elements of the crime. But because the defendant failed to show that he was *not* otherwise informed of the elements of the crime, he failed to establish the facial invalidity of the judgment and sentence. *Ammons*, 105 Wn.2d at 189. The same is true here. On its face, the judgment and sentence is consistent with a voluntary plea. The guilty plea statement does not prove Langstead was *not* otherwise informed that an unlawful taking of property

was an element of the offense. The trial court would have to go behind the judgment and sentence to make a determination that Langstead's plea was involuntary. Because the plea documents do not show the judgment and sentence for Langstead's first strike to be facially invalid, the trial court did not err by relying on that conviction to aggravate his sentence.

¶21 Affirmed.

LEACH, A.C.J., and GROSSE, J., concur.

Reconsideration denied June 8, 2010.

Review denied at 170 Wn.2d 1009 (2010).