# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>v.<br><br>HUNG VAN NGUYEN,<br><br>          Appellant. | No. 74962-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: January 16, 2018 |

LEACH, J. — Hung Van Nguyen appeals his convictions and his sentence. Nguyen challenges the trial court's competency determination. He also challenges his aggravated sentence of life without the possibility of parole under the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981 (POAA)[1] based on multiple constitutional grounds. We reject his challenges and affirm.

## BACKGROUND

At the time of the offense, Hung Van Nguyen had known Thu Nguyen and her boyfriend for almost 20 years. They had previously allowed Nguyen to stay at their home. In December 2014, Thu repeatedly called police because she had asked Nguyen to leave her home and he had refused. On December 12, 2014, Thu woke up from a nap to see Nguyen walking out of her bedroom closet with a

---

[1] Ch. 9.94A RCW.

knife. Nguyen stabbed Thu more than 10 times. Nguyen stopped stabbing Thu only when Thu's friend Linh Truong intervened. Nguyen also stabbed Truong in the side.

The State charged Nguyen with assault in the first degree of Thu and assault in the second degree of Truong. The court ordered a mental health evaluation. Consistent with the evaluator's conclusion, the court found Nguyen competent to stand trial. A jury found Nguyen guilty as charged. The court concluded that the State had proved Nguyen had committed two prior strike offenses and was a persistent offender under the POAA.[2] Nguyen's prior strike offenses include a 1994 conviction for first degree burglary and a 2012 conviction for second degree assault by strangulation. As required by the POAA, the court imposed a term of life in prison without the possibility of parole. Nguyen appeals his convictions and his sentence.

## STANDARD OF REVIEW

Reviewing courts defer to the trial court's judgment of a defendant's competency.[3] We will reverse a trial court's competency decision only upon finding an abuse of discretion.[4] We review constitutional issues de novo.[5]

---

[2] RCW 9.94A.570.
[3] State v. Coley, 180 Wn.2d 543, 551, 326 P.3d 702 (2014).
[4] Coley, 180 Wn.2d at 551.
[5] State v. Langstead, 155 Wn. App. 448, 452, 228 P.3d 799 (2010).

ANALYSIS

Competency

Nguyen asserts that the trial court abused its discretion in ruling that he was competent to stand trial. "A defendant's competency is a necessary prerequisite for a fair criminal trial."[6] If a court has reason to doubt a defendant's competency, its failure to observe adequate procedures to determine competency violates the defendant's Fourteenth Amendment due process right.[7] Chapter 10.77 RCW provides the procedures necessary to determine competency.[8] "[S]o long as a defendant maintains a challenge to competency, the chapter 10.77 RCW procedures are mandatory to satisfy due process."[9] The trial court's compliance with these procedures satisfies the defendant's due process right.[10]

If a court has reason to doubt the defendant's competency, the statute requires that court to order an expert to "evaluate and report upon the mental condition of the defendant."[11] To establish competency in Washington, the expert must find that the defendant (1) understands the nature of the charges and (2) is capable of assisting in his defense.[12] The party challenging competency must prove that the defendant is incompetent by a preponderance of the evidence.[13]

---

[6] State v. Heddrick, 166 Wn.2d 898, 900, 215 P.3d 201 (2009).
[7] Heddrick, 166 Wn.2d at 904.
[8] Heddrick, 166 Wn.2d at 904.
[9] Heddrick, 166 Wn.2d at 909.
[10] Coley, 180 Wn.2d at 559.
[11] RCW 10.77.060(1)(a).
[12] In re Pers. Restraint of Fleming, 142 Wn.2d 853, 862, 16 P.3d 610 (2001).
[13] Coley, 180 Wn.2d at 555.

Nguyen contends that the trial court did not give adequate weight to his counsel's representations about his lack of competency and thus violated the procedures it is required to follow to ensure him due process. We disagree.

The trial court followed the statutory procedures required by chapter 10.77 RCW to determine whether Nguyen was competent to stand trial. Nguyen's counsel raised concerns about Nguyen's competency. The State concurred in a request for a competency evaluation. The trial court granted the request. Dr. Deanna Frantz evaluated Nguyen and concluded that he was competent to stand trial. An expert opinion that a defendant is competent provides a reasonable basis for a trial court's conclusion that the defendant is competent.[14] The trial court held a competency hearing and, consistent with Frantz's opinion, found that Nguyen was competent to proceed.

During the competency hearing, Nguyen's counsel stated that he had concerns regarding Nguyen's capacity to assist counsel. Counsel noted that Frantz did not have access to medical records relating to a likely head injury. Nguyen asserts that the trial court should have accepted his counsel's opinion instead of Frantz's. He cites State v. Lord[15] for the proposition that the trial court must give "considerable weight" to defense counsel's opinion regarding his client's competency and ability to assist the defense. But this deference to counsel is relevant only when the court is making the initial determination on whether to grant

---

[14] State v. Lawrence, 166 Wn. App. 378, 389, 271 P.3d 280 (2012).
[15] 117 Wn.2d 829, 901, 822 P.2d 177 (1991).

-4-

a motion to determine competency, not when the court is ruling on the defendant's competency.

At the sentencing hearing, counsel repeated his concerns about Nguyen's competency. Counsel stated, "'[My] concerns have remained with me during this entire matter.'" But once the court makes a competency determination, it is not required to revisit competency unless "new information presented has altered the *status quo ante*."[16] Counsel's concerns did not provide new information requiring the court to revisit its competency determination. Thus, the trial court did not abuse its discretion when it decided that Nguyen was competent to stand trial.

<u>Facial Validity of Prior Conviction</u>

Nguyen next asserts that his 2012 conviction for second degree assault was not a qualifying offense under the POAA because the conviction is constitutionality invalid on its face. To impose a life sentence without the possibility of parole under the POAA, the defendant must have two prior qualifying convictions.[17] The court cannot consider a prior conviction that is unconstitutional on its face.[18] "'Invalid on its face' means the judgment and sentence evidences the invalidity without further elaboration."[19] Although the court may consider documents signed as part of a

---

[16] <u>State v. Ortiz</u>, 119 Wn.2d 294, 301, 831 P.2d 1060 (1992).

[17] RCW 9.94A.570. "Persistent offender" is an offender who has been convicted in Washington of any felony considered a "most serious offense" in addition to two prior felonies in Washington considered "most serious offenses." RCW 9.94A.030(38)(a).

[18] <u>State v. Ammons</u>, 105 Wn.2d 175, 187-88, 713 P.2d 719 (1986).

[19] <u>In re Pers. Restraint of Hemenway</u>, 147 Wn.2d 529, 532, 55 P.3d 615 (2002) (citing <u>In re Pers. Restraint of Goodwin</u>, 146 Wn.2d 861, 866, 50 P.3d 618 (2002)).

plea agreement in determining facial invalidity, they are relevant only in assessing the validity of the judgment and sentence.[20]

Nguyen pleaded guilty to second degree assault by strangulation in 2012. He claims that while the statute requires proof that the defendant actually assaulted another by strangulation, he admitted only to attempting to strangle the victim. He maintains that because he did not admit in his guilty plea statement the conduct that constitutes the offense, his plea was not knowing, intelligent, and voluntary and thus constitutionally invalid. We disagree.

Due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary.[21] Whether the defendant establishes the factual basis for the offense in his guilty plea statement provides an indication of whether the plea was voluntary.[22] But any reliable information contained in the record can provide the factual basis for a plea and prove that the plea was voluntary.[23] Thus, we need not determine whether the facts Nguyen admitted in his guilty plea statement satisfy the elements of second degree assault by strangulation because failure to establish a factual basis in the guilty plea statement alone does not show that the plea was involuntary. And Nguyen fails to show that the record does not otherwise

---

[20] Hemenway, 147 Wn.2d at 532.

[21] In re Pers. Restraint of Hews, 108 Wn.2d 579, 590, 741 P.2d 983 (1987).

[22] Hews, 108 Wn.2d at 592 ("'The Constitution does not require the establishment in all cases of a factual basis for a guilty plea, but it does require that a plea be voluntary. Failure to establish a factual basis is likely to affect voluntariness.'" (citations omitted) (quoting United States v. Johnson, 612 F.2d 305, 309 (7th Cir. 1980)))).

[23] In re Pers. Restraint of Keene, 95 Wn.2d 203, 210 n.2, 622 P.2d 360 (1980).

prove that he was aware of the elements of the crime. Thus, he does not establish that his plea was involuntary or that his judgment and sentence was facially invalid.[24] The trial court did not err in relying on Nguyen's 2012 conviction to aggravate his sentence under the POAA.

## Cruel and Unusual Punishment

Nguyen also claims that a sentence of life without the possibility of parole violates the federal and state constitutions' prohibition against cruel and unusual punishment because he committed his first strike offense when he was only 20 years old. The Eighth Amendment to the United States Constitution[25] and article I, section 14 of the Washington Constitution[26] prohibit cruel punishment. This includes punishment disproportionate to the crime committed.[27] Nguyen cites a number of United States Supreme Court cases to support that life in prison without the possibility of parole is a disproportionate punishment for youth.[28]

---

[24] See Langstead, 155 Wn. App. at 457-58 (holding that Langstead failed to establish the facial invalidity of his judgment and sentence because the guilty plea form did not prove that he was not otherwise informed that an unlawful taking of property was an element of the offense).

[25] Solem v. Helm, 463 U.S. 277, 284, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983).

[26] State v. Manussier, 129 Wn.2d 652, 676, 921 P.2d 473 (1996).

[27] Solem, 463 U.S. at 284 (discussing the Eighth Amendment); Manussier, 129 Wn.2d at 676 (discussing article 1, section 14).

[28] See, e.g., Graham v. Florida, 560 U.S. 48, 74-75, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (holding that juveniles who commit a nonhomicide crime may not be sentenced to life in prison without the possibility of parole); Roper v. Simmons, 543 U.S. 551, 578, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) (holding unconstitutional imposition of the death penalty on offenders who were under the age of 18 when they committed their crimes).

But here, the trial court did not sentence Nguyen for his first strike offense that he committed when he was 20 years old; the court sentenced Nguyen for his third strike offense that he committed when he was 41 years old. In affirming a life sentence under the former habitual criminal law, our Supreme Court stated, "The life sentence contained in RCW 9.92.090 is not cumulative punishment for prior crimes. The repetition of criminal conduct aggravates the guilt of the last conviction and justifies a heavier penalty for the crime."[29] Thus, neither the fact that Nguyen was 20 years old when he committed his first strike offense nor the constitutional limits on sentences imposed on juveniles is relevant. In addition, our Supreme Court has held that the mandatory sentence imposed on persistent offenders does not violate the state or federal constitutions.[30] The trial court did not err in imposing a term of life sentence under the POAA.

## Equal Protection

Finally, Nguyen asserts that the POAA violates the equal protection clause of the United States Constitution.[31] The right to equal protection of the law requires that "persons similarly situated with respect to the legitimate purpose of the law be similarly treated."[32] Nguyen explains that when a prior conviction is an element of a crime rather than a basis for aggravating a sentence, the State must prove its existence to a jury beyond a reasonable doubt.[33] For example, the State must

---

[29] State v. Lee, 87 Wn.2d 932, 937, 558 P.2d 236 (1976).
[30] See State v. Witherspoon, 180 Wn.2d 875, 887-91, 329 P.3d 888 (2014).
[31] He makes an identical argument in his statement of additional grounds for review.
[32] State v. Shawn P., 122 Wn.2d 553, 560, 859 P.2d 1220 (1993).
[33] State v. Roswell, 165 Wn.2d 186, 189, 196 P.3d 705 (2008).

prove two prior convictions for violation of a no-contact order to a jury beyond a reasonable doubt to punish a current conviction for violation of a no-contact order as a felony because these prior convictions are elements of the crime.[34] But when prior convictions are aggravators that elevate the maximum sentence that a court may impose, as under the POAA, the State need only prove the prior convictions to a judge by a preponderance of the evidence.[35] Nguyen asserts that this distinction does not rationally relate[36] to the government's interest in punishing repeat criminal offenders more severely than first-time offenders.

We rejected this argument in State v. Langstead.[37] We held that "recidivists whose conduct is inherently culpable enough to incur a felony sanction are, as a group, rationally distinguishable from persons whose conduct is felonious only if preceded by a prior conviction for the same or a similar offense."[38] Our Supreme Court has also affirmed that a rational basis exists for the difference in treatment between "an aggravating factor and a prior conviction element" because "[t]he prior conviction is not used to merely increase the sentence beyond the standard range

---

[34] Roswell, 165 Wn.2d at 196.

[35] Witherspoon, 180 Wn.2d at 893.

[36] Although Nguyen contends that the court should apply strict scrutiny, he concedes that Washington courts have applied rational basis review to equal protection claims related to sentencing under the POAA. See Manussier, 129 Wn.2d at 673-74 (explaining that because recidivists do not constitute a suspect or semisuspect class and because physical liberty is not a fundamental right, rational basis review is proper).

[37] 155 Wn. App. 448, 228 P.3d 799 (2010).

[38] Langstead, 155 Wn. App. at 456-57.

but actually alters the crime that may be charged."[39] We follow our decision in Langstead. The trial court did not err in imposing a life sentence under the POAA.

### Right to a Jury and Due Process

In his statement of additional grounds, Nguyen appears to assert a violation of his Sixth and Fourteenth Amendment due process rights because the judge, and not a jury, found the existence of his two prior strikes for sentencing purposes under the POAA. But both the United States Supreme Court and the Washington Supreme Court have rejected this argument. We must follow their decisions.

The constitutional right to due process and a jury entitle a criminal defendant to a jury determination that he is guilty of every element of the crime beyond a reasonable doubt.[40] In Apprendi v. New Jersey,[41] the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Consistent with Apprendi, the Washington Supreme Court has "repeatedly rejected" the argument that due process requires the fact of a prior conviction to be submitted to a jury for sentencing purposes.[42]

Here, Nguyen's prior convictions were not elements of his current offense. Instead, consistent with the POAA, the trial court considered Nguyen's prior strike

---

[39] Roswell, 165 Wn.2d at 192.
[40] Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).
[41] 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).
[42] State v. Thiefault, 160 Wn.2d 409, 418, 158 P.3d 580 (2007).

convictions as aggravating factors in sentencing. In accordance with well-established federal and Washington law, the fact that a judge, and not a jury, recognized Nguyen's prior convictions for sentencing purposes did not violate his Sixth Amendment or Fourteenth Amendment due process rights. The trial court did not err in imposing a life sentence without parole under the POAA.

## CONCLUSION

We reject Nguyen's challenge to the trial court's competency determination and his constitutional challenges to his aggravated sentence under the POAA. We affirm.

_Leach, J._

WE CONCUR:

_Becker, J._