52 P.3d 26 (2002)
147 Wash.2d 141
STATE of Washington, Respondent,
v.
Gregory E. OSTER, Petitioner.
No. 71509-2.
Supreme Court of Washington, En Banc.
Argued March 19, 2002.
Decided August 15, 2002.
*27 David Donnan, Nancy Collins, Washington Appellate Project, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, David Seaver, Cynthia Gannett, Ann Summers, Deputies, Seattle, for Respondent.
CHAMBERS, J.
We are asked to determine the adequacy of a "to convict" jury instruction that omits prior convictions which act as an element of the charged crime. The State charged Gregory E. Oster with felony violation of a domestic violence no contact order. A single violation of a domestic violence no contact order (no contact order)[1] is a gross misdemeanor, but is elevated to a felony when a jury finds that the defendant has two or more prior convictions for the same crime.[2] The "to convict" instruction in this case contained all the elements for a misdemeanor violation of a no contact order, but not for the felony version. Instead, a special verdict form was used to instruct the jury to decide, beyond a reasonable doubt, whether or not Oster had committed two or more prior violations of no contact orders. The jury found him guilty of the felony. We adhere to our previous holdings that a purportedly complete "to convict" instruction must contain all of the elements of the crime. State v. Smith, 131 Wash.2d 258, 930 P.2d 917 (1997); State v. Emmanuel, 42 Wash.2d 799, 259 P.2d 845 (1953). However, we conclude it was not error to instruct the jury separately and by special verdict form on prior criminal history. The instructions set forth all of the elements of the crime to be charged and specifically required that each element be proved beyond a reasonable doubt. This bifurcation protected the constitutional presumption of innocence from the inherently prejudicial nature of the defendant's criminal history. Therefore, we find no constitutional infirmity and affirm.

FACTS
In 1999, Oster was charged with three crimes: (Count I) Felony Violation of a Domestic Violence No Contact Order under former RCW 10.99.040(4)(c) (1996); (Count II) Third Degree Assault; and (Count III) Telephone Harassment. Counts I and II arose from alleged conduct against his former girl friend. Clerk's Papers (CP) at 7-8. Count III arose from alleged conduct against a friend of the former girl friend. Id. The jury found Oster guilty of felony violation of a no contact order and telephone harassment, but acquitted him of third degree assault. The relevant jury instructions were modeled on the 1998 Washington Pattern Jury Instructions (WPIC) WPIC 36.51 and WPIC 36.55. WPIC 36.51 contains the four elements necessary to find a misdemeanor violation; WPIC 36.55 functions as a special verdict form, and asks the jury to determine beyond a reasonable doubt whether there are prior convictions. If the jury so finds, the crime is a felony.
The "to convict" instruction stated that to convict Oster of violation of a no contact order, as charged in count I:

*28 [E]ach of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about October 7, 1999 to October 16, 1999, the defendant willfully had contact with [victim];
(2) That such contact was prohibited by a no-contact court order;
(3) That the defendant knew of the existence of the no-contact court order;
(4) That the acts occurred in [the] State of Washington.
CP at 22 (Instruction 11). This was the pattern jury instruction for violation of a no contact order under former RCW 10.99.050 (1996). 11 Washington Pattern Jury Instructions: Criminal 36.51 (2d ed.1998).
The requirement for proof of two or more prior convictions for violating similar orders was contained in a separate instruction:
You will also be furnished with a special verdict form. If you find the defendant not guilty of the crime of Domestic Violence Violation of a Court Order, as charged in count I, do not use Special Verdict Form A. If you find the defendant guilty, you will then use Special Verdict Form A and fill in the blank "yes" or "no" according to the decision you reach.
In order to answer the question on the special verdict form "yes", you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. If you have a reasonable doubt as to the question, you must answer "no."
CP at 31 (Instruction 20).
The special verdict form used in this case provided:
THIS SPECIAL VERDICT IS TO BE ANSWERED ONLY IF THE JURY FINDS THE DEFENDANT GUILTY OF DOMESTIC VIOLENCE VIOLATION OF A COURT ORDER.
We, the jury, return a special verdict by answering as follows:
Was the defendant previously convicted of two separate crimes of violation of a no-contact order against [victim]?
ANSWER: ___________
 (Yes or No)
CP at 33 (Special Verdict Form A). This instruction is substantially equivalent to the pattern special verdict form provided in WPIC 36.54. The jury answered "yes."
The Court of Appeals affirmed Oster's conviction for felony violation of a no contact order and reversed Oster's conviction for telephone harassment. The court below was satisfied that the no contact order instructions submitted to the jury, taken as a whole, did not confuse the jury and did not allow the defendant to be punished as a felon absent a determination that he had previously been convicted twice for violation of domestic violence no contact orders. Essentially, the court found that any error was harmless. We granted review to clarify confusion that has grown in this area.

ANALYSIS
Before turning to the substantive issues, we briefly distinguish this case from Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Apprendi the United States Supreme Court held, that except for the fact of a prior conviction, any fact which increases a sentence past the statutory maximum must be proved to a jury beyond a reasonable doubt. Id. at 490, 120 S.Ct. 2348. Here, however, the fact of a prior conviction was found by a jury beyond a reasonable doubt. Therefore, Apprendi does not apply.
Oster presents a sharply different issue from that decided in Apprendi. Without the two prior convictions, Oster's offense would have been a gross misdemeanor punishable by a maximum of one year in jail. However, with two prior convictions for the same crime, Oster's offense became a class C felony punishable by a maximum of five years in prison. Former RCW 10.99.040(4)(c), .050(2) (1996); RCW 9A.20.021(1)(c). As set forth in the statute, the prior convictions function as an element of the felony violation of a no contact order. Former RCW 10.99.040(4)(c),.050(2) (1996).
Oster correctly notes that each essential element of the crime must be proved beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d *29 368 (1970). Oster correctly articulates the law; however, his jury found beyond a reasonable doubt the existence of each and every element necessary to convict him of a felony violation of no contact order.
Oster also notes that the jury instructions must clearly set forth the elements of the crime charge. State v. Eastmond, 129 Wash.2d 497, 502, 919 P.2d 577 (1996); Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Again, Oster correctly articulates the law. But again, the jury instructions taken as a whole clearly set forth all of the elements of the crime charged. The "to convict" instruction together with the special verdict form clearly directed the jury through its task of deliberations.
The gravamen of Oster's argument is that all of the elements were not contained in the "to convict" instruction. Oster correctly cites State v. Smith, in which we held:
a "to convict" instruction must contain all of the elements of the crime because it serves as a "yardstick" by which the jury measures the evidence to determine guilt or innocence ... an instruction purporting to list all of the elements of a crime must in fact do so.
Smith, 131 Wash.2d at 263, 930 P.2d 917. Smith holds that a "to convict" instruction which purports to be a complete statement of the law and yet omits an element creates a constitutional error requiring reversal. Smith, 131 Wash.2d at 263, 930 P.2d 917. Smith, however, reached no holding on the discrete issue here, where prior convictions found beyond a reasonable doubt by a jury transform a crime from a misdemeanor to a felony. Oster also relies upon Emmanuel, 42 Wash.2d at 819, 259 P.2d 845, in which we held that the "to convict" instruction which purported to contain all essential elements must in fact contain all of the essential elements, and the jury should not be required to search the other instructions to see if another element should have been added to those specified. But again, no searching was necessary here; everything the jury was required to decide was clearly laid out for the jury to decide.
We adhere to our holdings in Emmanuel and Smith. The jury has a right to regard the "to convict" instruction as a complete statement of the law and should not be required to search other instructions in order to add elements necessary for conviction. However, we recognize a special exception when the element of a crime is prior criminal history and where, as here, only after determining that all of the other elements of the crime have been proved, the jury is asked by special verdict form to decide, beyond a reasonable doubt, whether or not the accused has committed prior crimes. Instructional bifurcation with respect to criminal history has an important benefit to the accused: it constrains the prejudicial effect of prior convictions upon the jury while clearly maintaining the State's burden to prove each element beyond a reasonable doubt. The purpose of requiring all of the elements to be contained in the "to convict" instruction is to protect the due process rights of criminal defendants. However, in the context of proving prior criminal history, the criminal defendant is afforded greater constitutional protection by adopting a bifurcated instruction which guards against unfair prejudices and guarantees that the State meets its burden. See State v. Hardy, 133 Wash.2d 701, 706, 946 P.2d 1175 (1997) ("Evidence of prior felony convictions is generally inadmissible against a defendant because it is not relevant to the question of guilt yet very prejudicial, as it may lead the jury to believe the defendant has a propensity to commit crimes.") (citing Karl B. Tegland, Washington Practice: Evidence § 114, at 383 (3d ed.1989)); see also State v. Calegar, 133 Wash.2d 718, 725, 947 P.2d 235 (1997) (prior convictions are "`inherently prejudicial'") (quoting State v. Jones, 101 Wash.2d 113, 120, 677 P.2d 131 (1984)).

CONCLUSION
We conclude it is better practice to recognize a limited exception to the rule that all of the elements of the crime must appear in the "to convict" instruction when the element is prior convictions, and a special verdict form is used to instruct the jury to determine their existence beyond a reasonable doubt. We affirm the Court of Appeals.
*30 ALEXANDER, C.J., SMITH, JOHNSON, SANDERS, IRELAND, BRIDGE and OWENS, JJ., concur.
MADSEN, J., concurs in result only.
NOTES
[1] To serve brevity, we abbreviate "domestic violence no contact order" as "no contact order." We do not address the applicability of this opinion to no contact orders generally.
[2] Former RCW 10.99.040 and .050 (1996) also provided that a violation of a no contact order will be punished as a class C felony if the violator assaulted the person protected by the order, or the violator recklessly created a substantial risk of death or serious injury.