196 P.3d 705 (2008)
STATE of Washington, Respondent,
v.
Johnathon D. ROSWELL, Petitioner.
No. 80547-4.
Supreme Court of Washington, En Banc.
Argued September 16, 2008.
Decided December 4, 2008.
Jeremy Aaron Morris, Kitsap County Prosecutor's Office, Port Orchard, WA, for Respondent.
Pamela Beth Loginsky, Washington Assoc. of Prosecuting Atty., Olympia, WA, for Amicus Curiae on behalf of Washington Association of Prosecuting Attorneys.
*706 Thomas E. Weaver Jr., Attorney at Law, Bremerton, WA, for Petitioner.
CHAMBERS, J.
¶ 1 Washington has enacted certain criminal statutes that raise the level of a crime from a misdemeanor to a felony based upon the defendant's prior criminal convictions. These prior convictions are elements of the charged crime that the State must prove beyond a reasonable doubt. We held in State v. Oster, 147 Wash.2d 141, 147, 52 P.3d 26 (2002), that a trial court did not abuse its discretion in bifurcating the "to convict" instruction with respect to prior criminal offenses in order to protect a defendant from possible prejudice. We are asked to extend our holding in Oster and hold that a defendant charged with one of these crimes may waive his right to a jury trial on a prior conviction element and effectively bifurcate the trial so that the judge would decide the criminal history element and the jury would decide the other elements. We decline to do so and affirm the Court of Appeals.

FACTS
¶ 2 In 2005, Johnathon Roswell was charged with various felony sex offenses. The charges arose out of conduct that Roswell, then 21 years old, directed toward three minor female victims, DMW, CMP, and LB, in the early summer of 2005.[1] At the time, DMW was 14 years old and CMP and LB were both 16 years old. Trial testimony established that the three girls "hung out" at a park near where they lived and that Roswell began going to the park several times a week, usually by himself. DMW and Roswell began talking and "hanging out" together at the park, but soon DMW began to feel uncomfortable with the relationship. DMW described that Roswell touched her "boobs" and "down below," which she described as below her waist and above her crotch. Report of Proceedings (RP) (Dec. 7, 2005) at 25. DMW also testified that Roswell asked her to have sex with him, which she declined. CMP gave similar testimony that Roswell touched her in a way that made her uncomfortable and talked about sex, including asking her to have sex with him. Testimony also revealed that Roswell carried a "little black book" that he asked the girls to sign indicating they would have sex with him when they turned 18 years old. Both DMW and CMP signed the book. They also describe observing Roswell talk about sex with and touch a third girl.
¶ 3 Roswell was charged with child molestation in the second degree (count I), child molestation in the third degree (count II), and three counts of felony communication with a minor for immoral purposes (counts III, IV, and V). Under RCW 9.68A.090(1) a person who communicates with a minor for immoral purposes is guilty of a gross misdemeanor. However, if the defendant has been previously convicted of a felony sexual offense, he may be convicted of a class C felony. RCW 9.68A.090(2). Roswell was convicted in 2001 as a juvenile for third degree rape, and in 2003 he was convicted as an adult for third degree child molestation both felonies. He was incarcerated for his 2003 conviction and released January 4, 2005. His charged offenses with DWM, CMP, and LB were alleged to have occurred during May and June 2005.
¶ 4 In a motion in limine, Roswell requested that he be allowed to stipulate to the existence of the prior sexual offense convictions and waive his right to a jury on that issue in order to prevent the jury from being informed of the prior convictions. During argument, there was confusion among the parties as to whether the prior conviction was an aggravating factor or an element of the charged crime. Roswell argued that even if the prior conviction was an element, the trial should be bifurcated so that a jury would decide whether there had been communications with a minor for immoral purposes, but the judge would make a determination on the prior conviction element. The State argued the prior conviction was an element and that the bifurcation request should be denied because it would prevent *707 the State from being allowed to prove all elements to the jury.
¶ 5 After hearing argument, the trial judge declined to bifurcate but held that the information presented to the jury would be limited to "eliciting that it was a prior sexual offense" and that the State would not be allowed to show that the prior offense was in fact for child molestation.[2] RP (Dec. 5, 2005) at 30-31. Although Roswell stipulated to the prior conviction, he noted his continuing objection to the denial of his request for bifurcation. Immediately prior to closing arguments, the stipulation was read to the jury. The jury found Roswell guilty on one count of second degree child molestation and two counts of felony communication with a minor for immoral purposes.
¶ 6 In its information, the State had alleged rapid recidivism as an aggravating factor, which would have allowed the trial court to sentence Roswell beyond the standard range. RCW 9.94A.535(3)(t). Unlike Roswell's motion regarding his prior convictions, the trial court did order bifurcation on a determination of this issue. Only after the jury found Roswell guilty of counts I, II, and IV was the jury given a special verdict form which asked, "[d]id the defendant commit the current offense as convicted in [each count] shortly after being released from incarceration?" The jury answered, "No Unanimous Agreement" on all counts. Clerk's Papers at 108-09.
¶ 7 The Court of Appeals affirmed the convictions in an unpublished opinion. State v. Roswell, noted at 139 Wash.App. 1090, 2007 WL 2183113 (2007). We granted review. State v. Roswell, 163 Wash.2d 1022, 185 P.3d 1194 (2008).

ANALYSIS
¶ 8 A trial court's decision on bifurcation is generally reviewed for an abuse of discretion. State v. Monschke, 133 Wash. App. 313, 335, 135 P.3d 966 (2006) (citing State v. Jeppesen, 55 Wash.App. 231, 236, 776 P.2d 1372 (1989)). However, Roswell argues that he has a right to a bifurcated trial under the law. We review questions of law de novo. State v. Benn, 161 Wash.2d 256, 262, 165 P.3d 1232 (2007).

1. ELEMENTS AND AGGRAVATORS
¶ 9 The legislature may define the elements of a crime when it enacts a criminal statute. State v. Williams, 162 Wash.2d 177, 183, 170 P.3d 30 (2007). Each element of a crime must be proved beyond a reasonable doubt. Oster, 147 Wash.2d at 146, 52 P.3d 26 (citing In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). Unlike an aggravator, which elevates the maximum punishment that may be imposed for a crime, an element is an essential component of the underlying offense. For example, here, if Roswell had had no prior felony sex offense convictions, he could not have been charged or convicted of felony communication with a minor for immoral purposes. If all other elements had been proved he could have been convicted of only a misdemeanor. See RCW 9.68A.090(1). Despite the similarities between an aggravating factor and a prior conviction element, under RCW 9.68A.090(2), a prior sexual offense conviction is an essential element that must be proved beyond a reasonable doubt. The prior conviction is not used to merely increase the sentence beyond the standard range but actually alters the crime that may be charged.
¶ 10 The distinction between an aggravating factor, which raises the statutory range of permissible punishments for the offense, and an actual element of the charged crime has prompted much confusion surrounding this case. It is clear from the record that at the time of trial Roswell believed that the prior conviction should be treated like an aggravating factor rather than an element.[3] *708 Roswell now concedes that the prior conviction is indeed an element.[4]
¶ 11 In Apprendi, the United States Supreme Court examined the validity of New Jersey's "`hate crime'" statute, which permitted a judge to increase the maximum sentence on the underlying crime if he found by a preponderance of the evidence that "`[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.'" Apprendi v. New Jersey, 530 U.S. 466, 468-69, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (quoting N.J. Stat. Ann. § 2C:44-3(e) (West Supp.1999-2000)). The Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[5]Id. at 490, 120 S.Ct. 2348. Thus, although an aggravating factor is not an element of the underlying crime, it must be proved to a trier of fact as if it were an element.
¶ 12 We have subsequently said that nothing prevents a defendant from waiving his right to have a jury make findings on an aggravating factor and consenting to judicial fact-finding on that issue. State v. Hughes, 154 Wash.2d 118, 133-34, 110 P.3d 192 (2005) (citing Blakely v. Washington, 542 U.S. 296, 310, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)). Taking language directly from Blakely, we said that such a jury waiver "`as to sentence enhancements'" may be in the interest of the defendant "`if relevant evidence would prejudice him at trial.'" Id. (emphasis added) (quoting Blakely, 542 U.S. at 310, 124 S.Ct. 2531). Although a defendant has the right to have a jury make a determination on any aggravating factor that might increase his sentence beyond the statutory maximum, it is left to the defendant to decide whether such a determination would prove unduly prejudicial. Id. Essentially, this allows the defendant to bifurcate the guilt phase of the trial from a determination on whether to give an exceptional sentence beyond the standard range if he so chooses.
¶ 13 Roswell asks us to take Apprendi and apply it in reverse. He would have us hold that because an aggravator must be treated like an element for the purposes of exceptional sentences, it follows that an element must be treated like an aggravator. This step allows Roswell to argue that Hughes and Blakely provide authority for a bifurcated trial where the element is a prior conviction. But this is a misapplication of Apprendi and the holdings in Hughes and Blakely. While an aggravating factor must be treated like an element for purposes of the Sixth Amendment to the United States Constitution, it is decidedly not an element needed to convict the defendant of the charged crime. A defendant convicted of unlawful possession of a firearm is still guilty of that crime even if the State is unable to prove it was a "`hate crime'" and obtain an exceptional sentence. Apprendi, 530 U.S. at 468-69, 120 S.Ct. 2348. Conversely, a defendant charged with felony communication with a minor for immoral purposes can never be convicted of that crime if the State is unable to prove that the defendant has a prior felony sexual offense conviction. Roswell's prior felony sexual offense conviction was an element of the crime charged.

2. PRIOR CONVICTIONS AND FAIR TRIALS
¶ 14 Roswell argues that evidence of a prior conviction may prejudice the jury and deprive him of his constitutional right to a fair trial. Roswell contends that proof of a felony conviction of a prior sexual offense allows the State to use irrelevant and prejudicial evidence to prove the element. In Old Chief v. United States, 519 U.S. 172, 191, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the United States Supreme Court recognized that a defendant may be prejudiced by evidence regarding *709 a prior conviction and held that he may stipulate to the fact that he has a prior conviction in order to prevent the State from introducing evidence concerning details of the prior conviction to the jury. However, the Court in Old Chief did not hold that a jury must be completely shielded from any reference to the prior offense, only that when a defendant stipulates to a prior conviction the court must accept the stipulation and shield the jury from hearing evidence that led to the prior conviction. Id. at 191 n. 10, 117 S.Ct. 644. In State v. Gladden, 116 Wash.App. 561, 566, 66 P.3d 1095 (2003), Division Three of the Court of Appeals distinguished Old Chief and held that a defendant cannot stipulate to the existence of an element and remove it completely from consideration by the jury. Both cases recognize that the prejudicial nature of evidence regarding prior convictions must be balanced against the crucial role that elements, even prior conviction elements, play in the determination of guilt.
¶ 15 Roswell counters that where a defendant is charged with a sex offense, evidence of a conviction of a prior sexual offense is much more prejudicial than merely having a criminal history. He argues that in this context, evidence of prior sexual offense convictions is both highly prejudicial propensity evidence and irrelevant. He points out that the trial court recognized the prejudicial nature of prior sexual offenses when it excluded evidence detailing his 2003 child molestation conviction under ER 404(b). This argument, however, fails to explain why a trial court should not only exclude evidence that led to the prior conviction but must also exclude any mention that a conviction was obtained at all. It is well established that admission of prior convictions, while prejudicial, does not necessarily deprive a defendant of a fair trial.

3. STATE v. OSTER

¶ 16 In Oster, we examined a "to convict" jury instruction that omitted the prior convictions element of the charged crime. Oster, 147 Wash.2d at 142-43, 52 P.3d 26. Oster was charged with a felony violation of a domestic violence no contact order, a crime that is a gross misdemeanor unless the defendant has prior convictions for the same crime. Id. at 143, 52 P.3d 26. Proof of two or more convictions for violation of a no contact order elevates the offense from a misdemeanor to a felony. Rather than providing the jury with a to convict instruction that contained all the elements of the felony crime charged, the trial court provided the jury with instructions that contained only the elements of the misdemeanor version of the crime. Id. After the jury reached a verdict of guilty, it was then provided with a special verdict form instructing it to make a determination beyond a reasonable doubt as to whether the defendant had any prior convictions. Id. Essentially, the trial court bifurcated the instructions but allowed the jury to make the ultimate determination on all of the elements charged. We found that the trial court did not abuse its discretion when it bifurcated the to convict jury instructions with regard to prior offenses. Roswell now asks us to extend our holding in Oster.
¶ 17 But Roswell does not explain how Oster provides authority for a "bifurcated trial." Oster argued that the failure of the to convict instruction to include all elements of the charged crime was prejudicial and that he was therefore entitled to a new trial. Id. at 146, 52 P.3d 26. While we affirmed the principle that all elements should be contained in the to convict instruction, we nevertheless concluded that the trial court had not abused its discretion in bifurcating the jury instructions. Id. at 147, 52 P.3d 26. We approved the procedure because "[i]nstructional bifurcation with respect to criminal history has an important benefit to the accused: it constrains the prejudicial effect of prior convictions upon the jury while clearly maintaining the State's burden to prove each element beyond a reasonable doubt." Id. We weighed the importance of the defendant's right to have all of the elements contained in the to convict instruction against the prejudice to the defendant of evidence of prior criminal history:
The purpose of requiring all of the elements to be contained in the "to convict" instruction is to protect the due process rights of criminal defendants. However, in *710 the context of proving prior criminal history, the criminal defendant is afforded greater constitutional protection by adopting a bifurcated instruction which guards against unfair prejudices and guarantees that the State meets its burden.
Id. at 147-48, 52 P.3d 26 ("`Evidence of prior felony convictions is generally inadmissible against a defendant because it is not relevant to the question of guilt yet very prejudicial, as it may lead the jury to believe the defendant has a propensity to commit crimes.'" (quoting State v. Hardy, 133 Wash.2d 701, 706, 946 P.2d 1175 (1997) and citing Karl B. Tegland, Washington Practice: Evidence § 114, at 383 (3d ed.1989))). Thus, we concluded that Oster was not prejudiced by the procedure used and the trial court did not abuse its discretion by using it.
¶ 18 Courts should strive to afford defendants the fairest trial possible. In Oster, we affirmed the trial court's effort to limit the possible prejudice that stems from evidence of prior convictions. We did not, however, hold that the defendant had a right to bifurcated jury instructions. We have specifically held that such bifurcation is constitutionally permissible but not required. State v. Mills, 154 Wash.2d 1, 10 n. 6, 109 P.3d 415 (2005). And we certainly did not suggest that defendants have a right to waive their right to a trial by jury on certain elements so as to prevent the jury from hearing prejudicial evidence. Courts have long held that when a prior conviction is an element of the crime charged, it is not error to allow the jury to hear evidence on that issue. Pettus v. Cranor, 41 Wash.2d 567, 568, 250 P.2d 542 (1952) (citing State v. Tully, 198 Wash. 605, 89 P.2d 517 (1939)). The United States Supreme Court in reviewing Texas' habitual offender statutes held that it was not unconstitutional to enact such statutes and to present evidence at trial that tends to prove the existence of a prior conviction. Spencer v. Texas, 385 U.S. 554, 565-66, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Any prejudice created by evidence of the prior conviction may be countered with a limiting instruction from the trial court. Id. at 561, 87 S.Ct. 648. The case before us appears to be exactly the kind of situation contemplated in these prior cases, and there is nothing in the facts that requires us to deviate from these decisions.
¶ 19 We hold that the trial court did not abuse its discretion in refusing to grant Roswell's motion to bifurcate. If a prior conviction is an element of the crime charged, evidence of its existence will never be irrelevant. One can always argue that evidence that tends to prove any element of a crime will have some prejudicial impact on the defendant.
¶ 20 Roswell is correct that if an element of the crime is a prior conviction of the very same type of crime, there is a particular danger that a jury may believe that the defendant has some propensity to commit that type of crime. We and other courts have recognized how highly prejudicial such evidence may be. Oster, 147 Wash.2d at 146, 52 P.3d 26; see also Old Chief, 519 U.S. at 185, 117 S.Ct. 644; People v. Calderon, 9 Cal.4th 69, 75, 885 P.2d 83, 36 Cal. Rptr.2d 333 (1994); State v. Murray, 116 Hawai`i 3, 19, 169 P.3d 955 (2007). Within the parameters we have laid out, trial courts may exercise their sound discretion to reduce unnecessary prejudice where practical. The procedure followed by the trial court in Oster is one such example of a procedure that mitigates the prejudice of prior criminal history while maintaining the integrity of jury instructions that clearly define the State's burden.[6]

*711 CONCLUSION
¶ 21 We hold that the trial court did not abuse its discretion. Roswell was not entitled to a bifurcated trial. We affirm the Court of Appeals.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, SUSAN OWENS, CHARLES W. JOHNSON, MARY E. FAIRHURST, BARBARA A. MADSEN, JAMES M. JOHNSON, RICHARD B. SANDERS, DEBRA L. STEPHENS, Justices.
NOTES
[1] We refer to the victims by their initials to protect their rights as minors under RCW 7.69.030(4).
[2] On each count of communication with a minor, the to convict instruction listed four elements: (1) "[t]hat on or about May 15, 2005 and June 23, 2005, the defendant communicated with [the child] for immoral purposes of a sexual nature;" (2) "[t]hat [the child] was a minor;" (3) "[t]hat prior to the 15th day of May, 2005, the defendant was convicted of a felony sexual offense;" and (4) "[t]hat the acts occurred in the State of Washington." Clerk's Papers at 93-95.
[3] During argument on motions in limine, Roswell's attorney flatly stated, with regard to the prior felony sexual offense conviction, "I think it's an aggravator, not an element." RP (Dec. 5, 2005) at 18.
[4] See Suppl. Br. of Resp't at 2.
[5] The prior conviction exception referenced in Apprendi does not apply because Roswell's prior conviction is an element of the crime rather than an aggravating factor. Cf. generally Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).
[6] The Washington Association of Prosecuting Attorneys appearing as amicus curiae has offered a different procedure that could be used by trial courts to limit prejudice in these situations. Under its approach, a defendant would be allowed to stipulate to the prior conviction element but the trial court could inform the jury of the element by utilizing statutory citations rather than the name of the crime. For example, a defendant charged with felony "driving under the influence of intoxicating liquor or any drug" under RCW 46.61.502(6) could simply stipulate that he had previously been convicted of the crime defined in RCW 46.61.520(1)(a). Before the stipulation is entered, the court would be required to engage in an on the record colloquy with the defendant regarding the effect of the stipulation. The jury would then be instructed that the defendant has stipulated to a specific element of the charged offense and that this element is to be considered proved beyond a reasonable doubt. A jury instruction would then be given, which includes the following:

1. Conviction under the charged statute requires the prosecution to prove beyond a reasonable doubt the element that the defendant has a certain number of prior offenses within the requisite time period;
The defendant has stipulated to the existence of at least the requisite number of prior offenses and that the prior offenses occurred within the requisite time period;
The stipulation is evidence only of the prior conviction element;
1. The prior conviction element of the charged offense must be taken as conclusively proven;
The jury is not to speculate as to the nature of the prior convictions; and
The jury must not consider the defendant's stipulation for any other purpose.
Br. of Amicus Curiae at 7-9 (citing Murray, 116 Hawai`i at 21, 169 P.3d 955).