

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

        Respondent,

        v.

VLADIMIR V. MISHKOV,

        Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 69076-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 28, 2014

APPELWICK, J. — A trial court is not required to accept a defendant's stipulation to the fact of prior convictions in a prosecution for felony indecent exposure when the facts of the prior convictions have relevance beyond establishing the element of existence of a prior conviction. Sufficient similarities in the circumstances of the prior incidents and the charged incident were probative of sexual motivation, intent, knowledge, and common scheme or plan. We find no abuse of discretion rejecting the stipulation and admitting the evidence. We affirm.

## FACTS

On August 9, 2011, Chelsea Connolly was working as a barista at the Sweet Cheeks Espresso stand in SeaTac, Washington. Sweet Cheeks Espresso is a "bikini barista" stand featuring service by female baristas dressed in lingerie or bikinis. That morning, customer Jesse Maltos drove up to the stand, but before he could order coffee, Connolly directed his attention to a man sitting next to a nearby light pole.

Before Maltos arrived, Connolly had noticed the man wandering around the stand for about 45 minutes. Maltos saw the man leaning against the pole with his penis exposed and erect. The man was masturbating while staring at Connolly. Connolly declined to call the police, but Maltos called 911.

Detective Tim Gillette responded to the 911 call and when he arrived at the espresso stand, he saw the man looking at the stand and noticed his arm moving quickly in front of his body. When Gillette ordered the man to show his hands, he refused to do so immediately. Instead, he rolled away from the officer onto his side. He was arrested and identified as Vladimir Mishkov.

Later that day, Mishkov's community corrections officer Iris Peterson arrived at the police station to take custody of him. As Peterson placed him in her van, Mishkov stated, "'I'm really sorry, Iris.'" In a later conversation with Peterson, he told her he thought he was "'screwed.'"

The State charged Mishkov with felony indecent exposure, with an allegation of sexual motivation. Before trial, Mishkov agreed to stipulate to two prior convictions of indecent exposure for purposes of establishing this element of the crime.[1] Mishkov also moved to exclude evidence of the specific facts of these convictions and other uncharged acts of indecent exposure as inadmissible under ER 404(b). The trial court allowed the State to present evidence of the facts of the prior convictions as relevant to the sexual motivation allegation to prove that Mishkov knew his conduct in the charged crime was likely to cause reasonable affront or alarm to a victim, to rebut claims of

---

[1] Proof that the defendant had a prior sex offense conviction is an element of felony indecent exposure. RCW 9A.88.010(2)(c).

2

diminished capacity, and show intent or knowledge. But, the court excluded evidence of incidents when Mishkov exposed himself at the jail pending trial, Mishkov's admission that he had committed 200 to 300 acts of indecent exposure, and that he had a practice of tanning and waxing before exposing his genitals to unknown women.

At trial, Mishkov presented expert testimony that he suffered from diminished capacity at the time of the offense due to a major depressive order. The expert also suggested that Mishkov was intoxicated and suffering from a drug and alcohol induced blackout at the time of the offense. The State called an expert who testified that while Mishkov may have been depressed, the evidence did not support a finding of diminished capacity and there was no credible evidence that he was in a blackout during the offense.

The State also presented evidence of Mishkov's two prior convictions for indecent exposure. The evidence showed that in 2006, he was arrested and convicted for openly masturbating in the parking lot outside the drive-through of a Taco Bell restaurant, after seeking the attention of a female employee of the restaurant. The evidence also showed that in 2008, he followed a woman around a Linens and Things store. He sought out her attention in the parking lot as she left the store, whistling from his car with the window rolled down so she could see him masturbating.

The jury found Mishkov guilty as charged, returning special verdicts that he had a prior sex offense and that he committed the crime with sexual motivation. Pursuant to a plea agreement on another offense, Mishkov agreed that the trial court sentence him on both matters in the same proceeding. The trial court sentenced him to 24 months confinement, the top of the standard range. Mishkov appeals.

ANALYSIS

Mishkov first contends that the trial court erred by rejecting his stipulation to the existence of his prior convictions and instead allowing the State to present evidence of the facts of those convictions, contrary to State v. Roswell, 165 Wn.2d 186, 196 P.2d 705 (2008) and Old Chief v. United States, 519 U.S. 172, 191, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). Absent a showing of manifest abuse of discretion, we will not disturb a trial court's ruling on the admission of evidence. State v. Halstein 122 Wn.2d 109, 126, 857 P.2d 270 (1993).

Both Old Chief and Roswell recognize that a defendant may stipulate to the fact of a prior conviction to prevent the State from introducing evidence of the details of the prior conviction to the jury. Roswell, 165 Wn.2d at 195. But, as the Roswell court also acknowledged "the prejudicial nature of evidence regarding prior convictions must be balanced against the crucial role that elements, even prior conviction elements, play in the determination of guilt." Id. The court noted that the case law recognizes that a defendant cannot stipulate to the existence of an element and remove it completely from consideration by the jury. Id.

Here, exclusion of the evidence of these convictions was not required by ER 404(b), which provides,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Unlike in Old Chief, evidence of the prior convictions was not admitted simply to establish the element of a prior conviction. It was admitted because it was highly

relevant to establish other elements of the crime. This evidence was relevant to establish that Mishkov knew his conduct "was likely to cause reasonable affront or alarm," as required by the statute. RCW 9A.88.010(1). It provides, "A person is guilty of indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm." RCW 9A.88.010(1).

As the trial court concluded, sufficient similarities in the circumstances of these incidents made them probative of sexual motivation, intent, common scheme or plan, and to rebut a claim of diminished capacity. See State v. Vars, 157 Wn. App. 482, 496, 237 P.3d 378 (2010). There, the court held that facts of prior convictions were admissible in a prosecution for indecent exposure. Id. The court concluded that the "common elements permit the reasonable inference that the same motivation underlies [Var's] offending behavior in each instance." Id. It found that "an objective trier of fact could logically infer from this record that Var's indecent exposure on this occasion was sexually motivated as well." Id. As the trial court found, Mishkov had chosen female victims roughly in the same age range, the exposure occurred in the parking lot of a business (two of which were drive up food services), and he made overt actions to draw the victim's attention to himself.

The trial court made the required finding that the probative value of the evidence outweighed its prejudicial effect. The trial court also appropriately limited the evidence of prior acts that would be admissible and suppressed evidence of additional uncharged incidents the prosecution sought to admit. See Id. at 495 (finding no abuse of discretion in trial court's admission of prior convictions, noting that the trial court appropriately

5

recognized the potential prejudicial impact by limiting admissible evidence to three of eight prior convictions).

The trial court noted it was initially inclined to accept the defense stipulation to the prior convictions. However, it also recognized that its ruling on the ER 404(b) evidence "would tend to make that exercise moot, because the jury is going to hear about these prior convictions, including the -- in a pertinent way, relevant way, surrounding circumstances." The trial court did not abuse its discretion by admitting evidence of the two prior convictions.

Mishkov next contends that the trial court erred in calculating his offender score by including three out-of-state juvenile convictions that were not sufficiently proved by the State. The trial court included three Pennsylvania juvenile adjudications in Mishkov's offender score. The State did not offer any supporting documentation of these adjudications. Therefore, he argues, the trial court erred by including those offenses in his offender score.

Pursuant to a plea agreement on another offense, Mishkov agreed that his conviction and the new offense would be sentenced in the same proceeding. The record indicates that Mishkov agreed that the sentencing guidelines scoring forms, offender score, and criminal history attached to the plea agreement were accurate and complete. His juvenile felonies were listed in that criminal history. The standard range for the unranked felony was 0 to 12 months plus 12 months for the sexual motivation aggravator. Mishkov agreed to recommend a 24 month sentence. The State agreed to dismiss an allegation of sexual motivation on the new charge and recommend that the

time imposed on the two offenses be served concurrently. The court sentenced him to 24 months, the high end of the range, as both parties recommended.

Mishkov contends he did not specifically waive his right to have the State provide proof of his prior offenses, and the State failed to prove the three juvenile offenses. We disagree. He entered a plea agreement. He does not challenge the validity of that plea agreement. He does not argue the convictions do not exist or have been washed out for scoring purposes, only that they were not proven. In the plea agreement he acknowledged his criminal history was accurate and complete. This is the affirmative acknowledgement of facts and information introduced for the purposes of sentencing necessary to relieve the State from the burden of additional proof. State v. Mendoza, 165 Wn. 2d 913, 927-928, 205 P.3d 113 (2009). It was not error to include the juvenile offenses in the criminal history or offender score.

Citing In re Pers. Restraint of Call, 144 Wn.2d 315, 28 P.3d 709 (2001), he argues his sentence should be remanded for resentencing in light of a lower offender score of 4. In Call, the defendant's offender score was incorrectly calculated as 10 rather than 8, because two prior convictions should have washed out. Id. at 334. The incorrect offender score calculation resulted in increasing the standard range. Id. The court held that remand for resentencing was required, because the sentence was based on an erroneous offender score. Id. at 333. Since no error was committed in calculating Mishkov's offender score, Call is of no assistance.

The general rule is that "[a] sentence within the standard range . . . for an offense shall not be appealed." RCW 9.94A.585(1). Mishkov was sentenced within the standard range. Moreover, Mishkov acknowledges the standard range remains the

7

same regardless of his offender score, because this offense is an unranked felony.[2]

Thus, the trial court did not rely on an offender score to determine the standard range.

The sentence imposed was within the correct standard range, for the term jointly

recommended by Mishkov and the State. Mishkov demonstrates no basis for remand

and resentencing.

We affirm the judgment and sentence.

WE CONCUR:

---

[2] The range on the unranked felony is 0 to 12 months regardless of the offender score. RCW 9.94A.505(b); RCW 9.94A.515. The sexual motivation finding imposes a mandatory 12 month enhancement. RCW 9.94A.533(8)(a)(iii).