FILED
COURT OF APPEALS
DIVISION II

2015 JUN -4 AM 8: 37

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46008-4-II |
| v. | |
| DANIEL MICHAEL PIERRE, | UNPUBLISHED OPINION |

WORSWICK, P.J. — A jury returned verdicts finding Daniel Pierre guilty of third degree assault, felony harassment, and bail jumping. Pierre appeals his convictions, asserting that the trial court violated his public trial right by addressing for-cause challenges to potential jurors at sidebars, and that the trial court's harassment to-convict jury instruction relieved the State of its burden of proof by omitting an essential element of the offense. Following our recent decision in *State v. Anderson*, No. 45497-1, 2015 WL 2294961 (Wash. Ct. App. May 19, 2015), we hold that the trial court violated Pierre's public trial right by addressing for-cause juror challenges at sidebars without first conducting a *Bone-Club*[1] analysis. We also hold that the trial court erred by giving a harassment to-convict jury instruction that omitted an essential element of the offense and that the error was not harmless beyond a reasonable doubt. Accordingly, we reverse Pierre's convictions and remand for a new trial.

---

[1] *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995).

No. 46008-4-II

## FACTS

The State charged Pierre with third degree assault, felony harassment, and bail jumping. The matter proceeded to jury trial.

During the jury selection process, the trial court addressed for-cause challenges to potential jurors at sidebar and later stated on the record:

> [Trial court]: . . . I want to go ahead and put the sidebars on the record. During jury selection, we had two sidebars. At the first sidebar, we all agreed that Juror No. 25 should be dismissed for cause based upon a health issue that Juror No. 25 described during the course of jury selection briefly.
>
> The defense made a motion to dismiss Number 1 for cause. [The State] indicated that he would leave it to the court and the court's recollection of what Juror No. 1 indicated. I dismissed Number 1 for cause based upon her statements of being a victim 20 years ago and that it was still affecting her. And then she talked about that and brought it up more than one time during the course of the jury selection process.
>
> There was a second sidebar after jury selection had started, and that was the defense requesting that Juror No. 10 be dismissed for cause based upon the fact that he had disclosed that he was good friends with Officer Winner's brother and that Officer Winner's brother was his supervisor. [The State] objected and indicated that he had not made an unequivocal statement that he could not be fair. I ultimately agreed with [the State's] argument. I too did not hear a definitive statement, so I denied the request for cause as to Juror No. 10.

Report of Proceedings (RP) (Jan. 21, 2014) at 37-38.

The trial court provided the jury with the following harassment to-convict instruction:

> To convict the defendant of the crime of harassment as charged in Count II, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about July 24, 2012, the defendant knowingly threaten [sic] Jason Winner immediately or in the future;
> (2) That the words or conduct of the defendant placed Jason Winner in reasonable fear that the threat would be carried out;
> (3) That at the time the threat was made Jason Winner was a criminal justice participant who was performing his official duties;
> (4) That the defendant acted without lawful authority; and
> (5) That the threat was made or received in the State of Washington.

No. 46008-4-II

> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 80. The jury returned verdicts finding Pierre guilty of third degree assault, felony harassment, and bail jumping. Pierre appeals from his convictions.

## ANALYSIS

### I. PUBLIC TRIAL RIGHT

Pierre first contends that the trial court violated his public trial right by addressing for-cause challenges to potential jurors at sidebars without first considering the factors set forth in *State v. Bone-Club*, 128 Wn.2d 254, 906 P.2d 325 (1995). Following our recent decision in *Anderson*, No. 45497-1, 2015 WL 2394961, we agree that the trial court's consideration of for cause challenges at sidebars violated Pierre's public trial right. Accordingly, we reverse Pierre's convictions and remand for a new trial. Because we reverse Pierre's convictions and remand for a new trial based on the violation of his public trial right, we need not address his remaining claims of instructional error and ineffective assistance of counsel.[2]

### II. TO-CONVICT JURY INSTRUCTION

Next, Pierre contends that the trial court's harassment to-convict jury instruction relieved the State of its burden of proof by omitting an essential element of the offense. We agree.

We review challenges to the adequacy of to-convict jury instructions de novo. *State v. Mills*, 154 Wn.2d 1, 7, 109 P.3d 415 (2005). In general, to-convict jury instructions must

---

[2] Although we need not review Pierre's remaining claims of error, we address Pierre's challenge to the trial court's harassment to-convict jury instruction as an alternative basis for reversing his harassment conviction.

3

contain every essential element of the offense. *Mills*, 154 Wn.2d at 7. "The jury has a right to regard the 'to convict' instruction as a complete statement of the law and should not be required to search other instructions to add elements necessary for conviction." *State v. Oster*, 147 Wn.2d 141, 147, 52 P.3d 26 (2002). Although jury instructions relieving the State of its burden to prove every element of the crime charged beyond a reasonable doubt require automatic reversal, "not every omission or misstatement in a jury instruction relieves the State of its burden." *State v. Brown*, 147 Wn.2d 330, 339, 58 P.3d 889 (2002). Accordingly, an instruction omitting an essential element may be harmless beyond a reasonable doubt if the omitted "element is supported by uncontroverted evidence." *Brown*, 147 Wn.2d at 341 (citing *Neder v. United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)).

To convict Pierre of harassment as charged here, the State was required to prove beyond a reasonable doubt that Pierre (1) without lawful authority (2) knowingly threatened (3) to cause bodily harm immediately or in the future (4) to a criminal justice participant performing official duties at the time the threat was made and (5) the criminal justice participant had a reasonable fear that the threat would be carried out. RCW 9A.46.020(1)(a)(i), (2)(b)(iii). The State acknowledges that the trial court's to-convict jury instruction for harassment omitted the essential element that Pierre's threat was *to cause bodily harm immediately or in the future*, but the State argues that the omission of this essential element was harmless beyond a reasonable doubt because the uncontroverted evidence at trial showed that Pierre threatened to cause bodily harm to Winner. We agree that the to-convict instruction omitted an essential element, but disagree that the error here was harmless.

No. 46008-4-II

The State asserts that the evidence at trial demonstrated that there was no dispute as to what words Pierre used to threaten Winner, and that those words irrefutably constituted a threat to cause bodily harm.[3] But the record belies the State's assertion. Pierre did not concede in his testimony that he threatened to "beat or kick Winner's ass," as the State asserts. Instead, although Pierre agreed that he was irate and uttered something threatening at Winner, he stated that he did not recall the exact words that he used to threaten Winner:

> [Defense counsel]: Okay. Did you have any intention in the future to cause any bodily harm to—
> [Pierre]: No.
> [Defense counsel]:—Officer Winner or follow through with anything that you said?
> [Pierre]: I'm sorry. What do you mean? As to what I said?
> [Defense counsel]: That you were going to beat him up or going to kick his ass or—
> [Pierre]: Um, I—I don't recall the exact words that I said, but it was something along the lines of the fact that he came in the bathroom and pointed the pistol at me and told me to get the fuck on the ground—or get the fuck—put you fucking hands up. And at some point along afterwards, it—the female had had the Taser pointed at me and said that were [sic] going to tase me, and I was just irate at this point.
> [Defense counsel]: Here's the—here's the—here's a question, an important one. I'm sure we're wondering. Why did you say those things at that time?
> [Pierre]: I was irate.
> [Defense counsel]: You were upset?
> [Pierre]: And I was being assaulted.

RP (Jan. 22, 2014) at 398-99.

On cross-examination, Pierre stated that he did not recall whether he had told Winner that he would "beat his ass," and he specifically denied threatening Winner in other ways to which Winner had testified:

> [State]: . . . Did you tell [Winner] you were going to beat his ass?

---

[3] RCW 9A.04.110(4)(a) defines "bodily harm" as "physical pain or injury, illness, or an impairment of physical condition."

5

[Pierre]: I don't recall.

[State]: Okay. Did you tell him you were going to find him on the streets and hunt him down? Did you tell him that?

[Pierre]: No.

[State]: You didn't—you don't recall, or you didn't say that?

[Pierre]: No. I never said that.

[State]: Okay. Did you tell him you didn't care if he had a badge; you were going to come after him?

[Pierre]: No. I told him I didn't care if he had a badge. He has no try [sic] right to try to sit there and assault me.

[State]: Okay. And did you tell him, quote, you don't know who you're messing with, unquote? Did you tell him that?

[Pierre]: No, I don't believe so.

. . . .

[State]: You weren't threatening him at any time—

[Pierre]: Nope.

[State]:—in that exchange—

[Pierre]:—no.

[State]:—so "beat my ass" was not a threat—or to beat his ass?

[Pierre]: No. There was something said along the lines of—with the scuffle, after he had told me to get the fuck on the ground. And it was at some point, I'll beat your ass. And then that's when I repeated you're going to come into my house and tell me you're going to beat my ass and shoot me?

[State]: So he told you he was going to beat your ass?

RP (Jan. 22, 2104) at 433-34.

At best, Pierre's testimony established that he had made a vague threat toward Winner while Winner was attempting to restrain him and, thus, the evidence at trial did not definitively establish that Pierre's threat was to inflict bodily harm. Therefore, we cannot conclude that the jury would have returned the same verdict of guilt as to Pierre's harassment charge had it been properly instructed that it must have found beyond a reasonable doubt that Pierre's threat to

6

No. 46008-4-II

Winner was to inflict bodily harm on him. *Brown*, 147 Wn.2d at 341. Accordingly, we reverse Pierre's harassment conviction and remand for a new trial.[4]

CONCLUSION

We hold that because the trial court violated Pierre's public trial right by addressing for-cause juror challenges at sidebars without first conducting a *Bone-Club* analysis, his convictions must be reversed and remanded for trial. We also hold that the trial court's error in giving a harassment to-convict jury instruction that omitted an essential element of the offense is an alternative basis for reversing his harassment conviction. Accordingly, we reverse Pierre's convictions and remand for a new trial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Lee, J.

---

[4] Because we reverse Pierre's convictions and remand for a new trial, we decline to address his remaining claims of error.

7