FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2016 JUL 25 AM 9: 26

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73398-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRIS ROBERT MORTENSON, | ) | |
| Appellant. | ) | FILED: July 25, 2016 |
| | ) | |

APPELWICK, J. — Mortenson was convicted of felony DUI and attempting to elude a pursuing police vehicle. We reversed the felony DUI conviction because the trial court improperly informed the jury that Mortenson had four prior DUI convictions within the last 10 years. On remand, Mortenson asked the court both to adopt its previous rulings and to bifurcate the trial or the jury instructions. The court adopted the rulings of the previous judge. Mortenson was convicted of felony DUI. He argues that the trial court improperly applied the law of the case doctrine and abused its discretion in denying his motion to bifurcate the proceeding or give bifurcated jury instructions. We affirm.

FACTS

On August 21, 2010, Deputy Jeffrey Petrenchak observed Chris Mortenson driving 65 miles per hour on a road with a posted speed limit of 45 miles per hour. State v. Mortenson, noted at 180 Wn. App. 1013, 2014 WL 1286551, at *1. Deputy Petrenchak pursued the vehicle, but Mortenson did not stop or slow down. Id. After over a mile, Mortenson stopped the car and exited it, stumbling toward the patrol car. Id. at *2. Mortenson did not comply with Deputy Petrenchak's orders to get on the ground, and Deputy Petrenchak fired his stun gun multiple times until Mortenson complied. Id. at *2.

Mortenson was charged with felony driving under the influence of intoxicating liquor or any drug (DUI), attempting to elude a pursuing police vehicle, driving while license suspended/revoked in the second degree, and tampering with a witness. Id. at *2. The State alleged that Mortenson had at least four prior DUI offenses within 10 years of the current offense.[1] The State dismissed the charge of tampering with a witness, and Mortenson pleaded guilty to driving while license suspended. Id.

Mortenson's first trial on the felony DUI and attempting to elude charges was before Judge Brian Gain. Id. Before trial, Mortenson moved to bifurcate the proceedings so facts relevant to his prior DUI convictions would be presented in a different proceeding than facts relevant to the charged DUI offense. Judge Gain denied the motion. But, he ruled that he would bifurcate the jury instructions by

_____

[1] An element of a felony DUI charge is that the person has four or more prior convictions under RCW 46.61.5055 within 10 years. RCW 46.61.502(6)(a).

2

requiring the jury to first determine whether Mortenson drove under the influence and then decide whether the State also proved that Mortenson had four prior convictions. At trial, witnesses testified to evidence that had previously been excluded, and Judge Gain declared a mistrial. Id.

Mortenson's second trial was before Judge Lori Smith. Id. Mortenson asked Judge Smith to reconsider Judge Gain's decision not to bifurcate the trial. Judge Smith adopted Judge Gain's rulings. With this in mind, Mortenson stipulated that he had four prior convictions under RCW 46.61.5055. Mortenson, 2014 WL 1286551 at *2. At the beginning of jury selection, the court read the information to the jury. Id. This informed the jury that Mortenson was charged with committing felony DUI in violation of RCW 46.61.502 and RCW 46.61.5055, and that he had at least four prior offenses under RCW 46.61.5055(14)(a) within 10 years of the current offense. Mortenson, 2014 WL 1286551 at *2. Ultimately, Mortenson did not offer bifurcated jury instructions. Mortenson was convicted of felony DUI and attempting to elude a pursuing police vehicle. Mortenson, 2014 WL 1286551 at *3.

On appeal, this court reversed Mortenson's conviction for felony DUI. Id. at *6. We held that by mentioning RCW 46.61.5055 in respect to both Mortenson's prior convictions and the current offense, the trial court informed the jury that Mortenson had four prior DUI convictions within the last 10 years. Id. at *4. This was inherently prejudicial, because it made it more likely that the jury would convict

Mortenson based on improper considerations of his propensity to commit the crime. Id.

The case was remanded for a third trial on the felony DUI charge, this time before Judge Tanya Thorp. Id. at *9. Before trial, Mortenson made several motions. In his trial brief, he argued that the court should adopt all prior pretrial rulings made in the case. He asserted that the pretrial rulings that had not been objected to or raised on appeal had become the law of the case. In a separate motion filed on the same day, Mortenson argued that the court should bifurcate the trial into two proceedings: one involving the facts relating to the current charge of felony DUI and one involving the facts relating to Mortenson's prior convictions.

At oral argument on these motions, Mortenson argued that the court was bound by the prior judges' rulings regarding the prior conviction evidence. But, he asserted that if the court was willing to reconsider those issues, it should completely bifurcate the proceedings or at least bifurcate the instructions. The trial court denied Mortenson's motion to bifurcate. The court noted that Judge Smith's trial jury was instructed as to the third element of felony DUI—that the defendant has four or more prior offenses within 10 years. 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 92.26 (3d ed. 2008). The court recognized that the parties could have challenged this instruction on appeal, but they did not. As a result, the court ruled that the jury would receive the same instructions.

The parties again stipulated that Mortenson had four prior convictions under RCW 46.61.5055(14)(a). The jury received a single "to convict" instruction, which included as an element "[t]hat at the time of arrest, the defendant had been previously convicted of four or more prior offenses within ten years pursuant to RCW 46.61.5055(14)(a)." The jury was also instructed that the stipulation was admitted solely to establish this element, and it was not permitted to speculate about the nature of the convictions.

Mortenson was convicted of felony DUI. He appeals.

DISCUSSION

Mortenson asserts that the trial court erred in denying his motion to bifurcate the proceedings or the jury instructions. And, Mortenson argues that the court erred by failing to exercise its discretion to reconsider the previous judges' rulings.

An essential element of felony DUI is that the person has four or more prior convictions under RCW 46.61.5055 within 10 years. RCW 46.61.502(6)(a). Before trial, Mortenson moved the court to bifurcate the trial issues into (1) the facts relating to the current charge and (2) the facts relating to any prior DUI convictions. He argued that if the State were permitted to submit evidence that he has committed prior crimes identical to the charged offense, the jury would be unable to set aside that knowledge when weighing the evidence relating to the current offense. To mitigate this potential prejudice, Mortenson asserted that the court should first submit to the jury the question of whether the State has proved that he drove while under the influence of intoxicating liquor. Under this theory

5

only if the jury found that the State had met its burden would the jury consider if the State had also proved that Mortenson had the requisite prior convictions.

The Washington Supreme Court has explicitly rejected the argument that a defendant has a right to a bifurcated trial when prior convictions are an essential element of the charged offense. State v. Roswell, 165 Wn.2d 186, 198, 196 P.3d 705 (2008). The defendant in Roswell relied on the United States Supreme Court's decision in Old Chief v. United States, 519 U.S. 172, 191, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) to contend that proof of past convictions is necessarily prejudicial. Roswell, 165 Wn.2d at 194-95. But, our Supreme Court disagreed, noting that while Old Chief recognized that a defendant may stipulate to a prior conviction to prevent the State from introducing details about the offense, it did not hold that a jury must be completely shielded from any reference to the prior conviction. Id. at 195.

Under Roswell, Mortenson did not have a right to a bifurcated trial. His prior convictions were an essential element of the crime charged, and it was not error for the jury to hear evidence of that element. Roswell, 165 Wn.2d at 197. The trial court did not abuse its discretion in denying his motion for a bifurcated trial.

Alternatively, Mortenson asserts that the trial court should have bifurcated the jury instructions and verdict form so that the jury was required to first find the other elements of felony DUI were satisfied before finding that the prior conviction element was met.

In State v. Oster, our Supreme Court approved the use of bifurcated jury instructions when prior convictions are an essential element of the crime charged. 147 Wn.2d 141, 147-48, 52 P.3d 26 (2002). The court noted that bifurcated instructions guard against unfair prejudice while clearly maintaining the State's burden to prove each element beyond a reasonable doubt. Id. However, the Roswell court clarified that Oster does not stand for the proposition that a defendant has a right to bifurcated jury instructions. Roswell, 165 Wn.2d at 197. The trial court simply did not err in giving bifurcated jury instructions in Oster, but such a decision is reviewed for an abuse of discretion. Id. at 197-98.

In a footnote, the Roswell court offered an alternative procedure that could be used rather than bifurcation to mitigate prejudice in these situations. Id. at 198 n.6. Under this procedure, the defendant could stipulate to the prior conviction element, but the offense would be identified by statutory citations rather than the name of the offense. Id. The jury would be instructed that the charge requires a certain number of prior offenses, and the defendant has stipulated to the existence of the requisite number of prior offenses. Id. And, the jury would be instructed that it is not to speculate as to the nature of the prior convictions or use the stipulation for any other purpose. Id.

The trial court followed this procedure here. No evidence was presented of the facts surrounding Mortenson's prior convictions. Mortenson was permitted to stipulate to the existence of those prior convictions. This stipulation did not identify Mortenson's prior convictions as prior DUI convictions. Instead, it merely stated

7

"[t]hat at the time of the arrest, the defendant had been previously convicted of four or more prior offenses within ten years pursuant to RCW 46.61.5055." The jury was instructed that it was to consider this stipulation solely to establish the prior conviction element, and it was not to speculate as to the nature of the convictions or use this evidence for any other purpose. This procedure was sufficient to mitigate the potential unfair prejudice of prior criminal history while still permitting the State to meet its burden. The trial court did not abuse its discretion in denying Mortenson's motion to bifurcate the jury instructions.

Mortenson also suggests that the court abused its discretion in failing to exercise its discretion to reconsider the question of the prior conviction evidence. He argues that the court erroneously believed that under the law of the case doctrine, it was bound by the decision of the prior judges on whether to bifurcate the proceedings or the instructions.

Generally, the law of the case doctrine prevents a court from considering an issue that was already decided in a previous appeal in that case. State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003). But, the trial court on remand may exercise its independent judgment as to an issue not raised in the first appeal. RAP 2.5(c)(1); 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.5 task force cmt. at 263 (7th ed. 2014). On remand, the trial court has discretion to decide to revisit an issue that was not the subject of an earlier appeal. State v. Barberio, 121 Wn.2d 48, 51, 846 P.2d 519 (1993).

8

Mortenson's assertion that the trial court believed it was bound by the prior judges' decisions is not supported by the record. After oral argument on Mortenson's motion to bifurcate, the trial court recognized that there was an issue with Judge Gain's trial ending in a mistrial. And, it noted, "Judge Smith's trial jury was instructed as to [the prior conviction element of felony DUI]. Parties had an opportunity to raise that to the court of appeals, they did not. The jury will be so instructed." The court did not mention that it had no discretion to revisit the issue— it merely decided that it would not do so. The court did not abuse its discretion in giving the jury the same instructions that were provided in the second trial.

Moreover, even if the trial court did conclude that it lacked discretion to reconsider the prior judges' rulings on bifurcation, Mortenson affirmatively asked the court to reach that conclusion. In his trial brief, Mortenson moved the court to adopt all prior pretrial rulings, because all pretrial motions that were not objected to or raised on appeal had become the law of the case. Mortenson vigorously advocated for the court to adopt this position, asserting, "The issues before this Court have been litigated three times and to revisit these issues would only deprive Mr. Mortenson his right to due process and a fair trial that is based upon the evidence and not the randomness of what judges happens to be available to preside over his trial." He reiterated this request at oral argument on the motions, stating that "the case law directs the court to adopt all prior rulings."

A criminal defendant cannot seek review of an error he helped create. State v. Boyer, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979) (applying the invited error

doctrine where the defendant requested a particular jury instruction); State v. Carson, 179 Wn. App. 961, 973-74, 320 P.3d 185 (2014) (applying the invited error doctrine where the defendant strenuously opposed the trial court's proposed jury instructions), aff'd, 184 Wn.2d 207, 357 P.2d 1064 (2015). We conclude that if the trial court did reach this decision because it believed it was bound by the prior judges' rulings, it did so at Mortenson's request. Therefore, any error was invited.

We affirm.

_Appelwick, J._

WE CONCUR:

_Schindler, J._                 _Becker, J._